■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENALDO GREY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered March 4, 1986, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's behavior and his close proximity to the crime scene only minutes after the crime occurred provided a sufficient basis for the police to stop and question him. In light of the reported shooting, it was reasonable for the police to suspect the defendant had a gun and they were, therefore, justified in frisking him *(see, Terry v Ohio,* 392 US 1; *People v DeBour,* 40 NY2d 210). Furthermore, the defendant's subse-

quent detention and transportation to the crime scene were within the bounds of a lawful investigatory stop. The defendant was not handcuffed, there was no show of force, he was not taken to a police station, the distance traveled was a mere three blocks and took approximately one minute, he was informed that the reason he was being detained and transported was because the sergeant had to report to the scene immediately, and the defendant was not questioned after the initial inquiry (see, People v Hicks, 68 NY2d 234). Moreover, speedy, on-the-scene identifications, as here, are productive of the most reliable identifications and, thus, are of value to both the police and the defendant (see, People v Love, 57 NY2d 1023; People v Veal, 106 AD2d 418).

We have examined defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.