Renaldo GREY, Petitioner–Appellant,

v.

Robert HOKE, Superintendent, Eastern Correctional Facility, Respondent–Appellee.

No. 1065, Docket 90–2359.

United States Court of Appeals, Second Circuit.

Argued Feb. 13, 1991.

Decided May 9, 1991.

Randolph Z. Volkell, North Merrick, N.Y., for petitioner-appellant.

Irwin M. Weiss, Asst. Dist. Atty., Kings County, N.Y. (Charles J. Hynes, Dist. Atty., Jay M. Cohen, Asst. Dist. Atty., of counsel), for respondent-appellee.

Before PIERCE, WINTER and WALKER, Circuit Judges.

WALKER, Circuit Judge:

Petitioner Renaldo Grey appeals from a judgment entered on July 20, 1990, in the United States District Court for the Eastern District of New York, Jack B. Weinstein, *Judge*, dismissing his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. The district court denied Grey's petition on the merits. Because we find that we are procedurally barred from considering Grey's claims, we affirm the district court's dismissal of the petition.

## BACKGROUND

On August 6, 1984, a disgruntled customer shot and killed Eversley Kellman, the manager of the Cess & Vee Auto Shop, at 2201 Bedford Avenue, Brooklyn, shortly after Kellman told him his car was not ready to be picked up. Two mechanics, Michael Jackson and Neville Campbell, were present in the shop when Kellman was shot.

A few blocks away from the auto shop, two New York City policemen, Patrolman Michael Paul and Sergeant Robert McKenna, heard reports of the shooting over their police car radio. They then spotted petitioner crossing the street at the corner, carrying his shirt. Petitioner ran down the street and, with the policemen in pursuit, turned into the vestibule of an apartment building. He tried unsuccessfully to open the inner door between the vestibule and the rest of the apartment building. McKenna grabbed petitioner's shirt in search of a gun, but did not find one. There is some dispute as to whether the policemen asked petitioner any questions. In any event, McKenna then returned to the car and radioed for a description of the gunman at the auto shop. He received no

description, but was instead instructed to proceed immediately to the auto shop, because he was the patrol supervisor. McKenna told petitioner that they had to return to the scene of the shooting and that petitioner would accompany them in the patrol car.

At the auto shop, Jackson and Campbell identified petitioner as the man who had shot Kellman. McKenna then handcuffed petitioner and read him his rights.

Petitioner was charged with criminal possession of a weapon in the second degree and with second degree murder. Based largely on the trial testimony of Jackson and Campbell, the jury convicted petitioner of the weapons charge. They acquitted petitioner of second-degree murder, but convicted him of the lesser included charge of first degree manslaughter. Petitioner was sentenced on March 4, 1986, to 12½ years to 25 years on the manslaughter count, and to a concurrent term of 5 to 10 years on the weapons count.

The Appellate Division affirmed petitioner's conviction, *People v. Grey*, 134 A.D.2d 613, 521 N.Y.S.2d 508 (2d Dept.1987), rejecting his arguments that he had been transported to the scene of the crime without probable cause, that his trial had been tainted by prosecutorial misconduct, and that the trial judge had improperly sentenced him. Petitioner filed a letter application for leave to appeal to the New York Court of Appeals. In the letter application, petitioner objected to the Appellate Division's rejection of his search and seizure argument, but did not mention any other issues. However, petitioner attached his Appellate Division brief to his letter. Leave to appeal to the New York Court of Appeals was denied. *People v. Grey*, 71 N.Y.2d 897, 527 N.Y.S.2d 1006, 523 N.E.2d 313 (1988).

Thereafter, petitioner unsuccessfully attempted to collaterally attack his conviction in state court, claiming ineffective assistance of appellate counsel. His application for a writ of error coram nobis was denied by the Appellate Division. *People v. Grey*, Motion No. 2569 (2d Dept. June 29, 1989). Leave to appeal to the New York Court of Appeals was denied. *People v. Grey*, Motion No. 6665 (2d Dept. Oct. 23, 1989).

Petitioner then filed his petition for habeas corpus relief in the district court. The district court found the claims exhausted and denied them on the merits. Petitioner appealed.

## DISCUSSION

On appeal, Grey urges three grounds in support of his petition for habeas corpus. He argues (1) that his trial was tainted by prosecutorial misconduct in violation of the due process clause of the Fourteenth Amendment; (2) that in imposing sentence, the state court judge improperly speculated on the jury's motives, also in violation of due process; and (3) that petitioner was arrested and transported to the scene of the shooting without probable cause in violation of the Fourth Amendment.

The state contends that petitioner failed to present his misconduct and sentencing claims to the New York Court of Appeals, and that, since petitioner has failed to exhaust his state remedies as to each claim, his entire petition must be dismissed. In the alternative, the state argues that because petitioner has now waived his right to present those claims to the New York Court of Appeals, we should deem the petition to be exhausted but dismiss it on grounds of procedural default. Petitioner responds that he properly presented the sentencing and misconduct claims to the New York Court of Appeals, permitting federal review of his petition for habeas corpus.

Under 28 U.S.C. § 2254(b), applicants for habeas corpus relief must "exhaust[ ] the remedies available in the courts of the State." In doing so, a petitioner must present his federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition. *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir.1990) (per curiam). The state court must be fairly apprised that petitioner is raising a federal constitutional claim and of the factual and legal premises underlying the claim. *Morgan v.*

*Jackson,* 869 F.2d 682, 684 (2d Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 284, 107 L.Ed.2d 264 (1989); *Daye v. Attorney General,* 696 F.2d 186, 191 (2d Cir.1982) (en banc).

■ Petitioner argues that by attaching his Appellate Division brief to his letter application to the Court of Appeals, he presented that court with an opportunity to rule on his sentencing and prosecutorial misconduct claims. He concedes, however, that his letter application requested that the Court of Appeals review only the search and seizure claim. The letter made no mention of the sentencing and prosecutorial misconduct claims. Under these circumstances, we disagree with petitioner's assertion that the Court of Appeals was presented with his sentencing and prosecutorial misconduct claims.

The fair import of petitioner's submission to the Court of Appeals, consisting of his brief to the Appellate Division that raised three claims and a letter to the Court of Appeals arguing only one of them, was that the other two had been abandoned. The only possible indication that the other two claims were being pressed was the inclusion of a lengthy brief originally submitted to another court. This did not fairly apprise the court of the two claims. We decline to presume that the New York Court of Appeals has "a duty to look for a needle in a paper haystack." *Mele v. Fitchburg Dist. Ct.,* 850 F.2d 817, 822 (1st Cir.1988); *see also Petrucelli v. Coombe,* 735 F.2d 684, 689 (2d Cir.1984) ("Federal judges will not presume that state judges are clairvoyant."). For a federal court to hold that a state court had the opportunity to rule on a constitutional claim as to which no ruling was requested, and then to rule on the merits of the claim itself, would undermine the very considerations of comity that the rules of exhaustion were designed to protect. *Daye,* 696 F.2d at 191. Therefore, if a habeas petition contains both exhausted and unexhausted claims, it must be dismissed to enable petitioner to exhaust his unexhausted claims or to file a subsequent petition dropping them. *Rose*

*v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

■ However, in this case, despite petitioner's failure to raise the sentencing and prosecutorial misconduct claims in his application for leave to appeal to the New York Court of Appeals, we agree with the state that his petition should be deemed exhausted, because those claims are now procedurally barred from presentation to that court.

For exhaustion purposes, "a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris v. Reed,* 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 1043 n. 9, 103 L.Ed.2d 308 (1989); *see also Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Engle v. Isaac,* 456 U.S. 107, 125–26 n. 28, 102 S.Ct. 1558, 1570–71 n. 28, 71 L.Ed.2d 783 (1982). *Contra Pesina v. Johnson, supra.* In such a case, a petitioner no longer has "remedies available in the courts of the State" within the meaning of 28 U.S.C. § 2254(b). *See also* 28 U.S.C. § 2254(c).

Here, New York procedural rules plainly bar petitioner from attempting to raise his sentencing and prosecutorial misconduct claims before the New York Court of Appeals. Petitioner cannot again seek leave to appeal these claims in the Court of Appeals because he has already made the one request for leave to appeal to which he is entitled. *See* N.Y.Court Rules § 500.10(a). Collateral review of these claims is also barred because the issues were previously determined on the merits on direct appeal. *See* N.Y.Crim.Proc.Law § 440.10(2)(a); *see also* N.Y.Crim.Proc.Law § 440.10(2)(c) (barring review if a claim could have been raised on direct review). No purpose would be served by requiring petitioner to return to state court for further proceedings before considering any of the claims raised in his habeas petition. *Cf. Petrucelli v. Coombe,* 735 F.2d at 687 (requiring total exhaustion before consideration of any claim presented in federal habeas petition). Instead, following *Harris* and *En-*

*gle*, we hold that petitioner no longer has "remedies available" in the New York state courts under 28 U.S.C. § 2254(b), and that he has met the statutory exhaustion requirements for presenting a habeas petition to the federal courts.

■ We agree with the state, however, that petitioner's forfeiture in state court of his sentencing and prosecutorial misconduct claims bars him from litigating the merits of those claims in federal habeas proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom. *Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes,* 433 U.S. 72, 87–91, 97 S.Ct. 2497, 2506–2509, 53 L.Ed.2d 594 (1977). Petitioner makes no showing of cause or of prejudice. The sentencing and prosecutorial misconduct claims must therefore be dismissed without reaching the merits.

■ Lastly, petitioner presses the Fourth Amendment claim that was actually presented in his application for leave to appeal to the New York Court of Appeals. Unfortunately for petitioner, this claim too is ineligible for habeas relief, but for a different reason. Under *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), federal habeas corpus relief is not available on the ground that evidence produced at trial was the result of an unconstitutional search and seizure, unless the state denied the prisoner an opportunity for full and fair litigation of the claim. *See also Jackson v. Scully,* 781 F.2d 291 (2d Cir.1986). Petitioner makes no argument that he was denied an opportunity to fully and fairly litigate his Fourth Amendment claim in the state courts. Accordingly, the Fourth Amendment claim must also be dismissed.

## CONCLUSION

For the foregoing reasons, we affirm the district court's denial of the habeas petition.