Andrew **SIMS**, Petitioner,

v.

**SUPERINTENDENT OF the CLINTON CORRECTIONAL FACILITY, DANNEMORA, NEW YORK,** Respondent.

**No. 94 Civ. 0702 (KTD).**

United States District Court, S.D. New York.

May 19, 1995.

Andrew Sims, Dannemora, NY, pro se.

G. Oliver Koppell, Atty. Gen., State of N.Y., New York City, for respondent Superintendent of Clinton Correctional Facility, Dannemora, N.Y.; Monica R. Jacobsen, Asst. Atty. Gen., of counsel.

KEVIN THOMAS DUFFY, District Judge.

Petitioner *pro se* Andrew Sims seeks a writ of habeas corpus to be discharged from the custody of the Clinton Correctional Facility, Dannemora, New York, pursuant to 28 U.S.C. § 2254. In Sims' first petition to this court, he argues that in 1988 he was improperly sentenced as a persistent violent felony offender, in violation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution. Sims' second petition alleges that he was deprived of his right to appeal his 1976 conviction through the ineffective assistance of his trial counsel. For the following reasons, both petitions for writs of habeas corpus are denied.

## I.

On September 8, 1976, Sims pleaded guilty in New York Supreme Court, Kings County, to a charge of attempted robbery in the second degree, pursuant to N.Y.Penal L. §§ 110.00, 160.10. During these plea proceedings, Petitioner was represented by a court-appointed attorney.

Sims was convicted a second time on June 3, 1980. After a trial by jury held in New York Supreme Court, Kings County, Sims was found guilty of criminal possession of a weapon in the third degree, pursuant to N.Y.Penal L. § 265.02.

Sims' third conviction—the conviction presently at issue—was entered on March 30, 1988. Petitioner was convicted in New York Supreme Court, New York County, of criminal possession of a weapon in the third degree, which is classified as a violent felony pursuant to N.Y.Penal L. §§ 70.02, 265.02. At sentencing on April 20, 1988, Sims argued that attempted second degree robbery was not considered a violent felony at the time when he committed that crime, but that it only became so by a later change in the law. Therefore, Sims claimed that his 1976 conviction should not be used to enhance his 1988 sentence. Justice Harold Rothwax rejected Sims' argument and, based on his 1976 and 1980 convictions, sentenced him to a prison term of ten (10) years to life as a "persistent violent felony offender," pursuant to N.Y.Penal L. § 70.08.[1]

On direct appeal to the Appellate Division, First Department, Petitioner argued for reversal of his 1988 conviction based upon the prosecutor's allegedly improper summation statements, and for vacation of his sentence on the grounds that his sentence was excessive. The Appellate Division affirmed the judgment without opinion June 28, 1990. The New York Court of Appeals denied leave to appeal on November 9, 1990.

On October 4, 1993, Petitioner moved before Justice Rothwax to vacate his 1988 conviction, arguing that his 1980 conviction for criminal possession of a weapon in the third degree had been the result of an illegal stop and frisk, and therefore should not have been used to enhance the April 20, 1988 sentence. Justice Rothwax denied this motion without opinion on October 20, 1993. On November 10, 1993, Sims sought leave to appeal to the Appellate Division, which the First Department denied on March 1, 1994. On April 4, 1994, Petitioner moved for reconsideration of the denial of leave to appeal before the First Department. Sims' application was denied on May 10, 1994.

On February 4, 1994, while these state court appeals were pending, Petitioner filed the present motion seeking federal review of his 1988 conviction and sentence. Sims' asserts that criminal possession of a weapon in the third degree does not constitute a violent felony, and therefore his 1980 conviction should not have been used as a predicate supporting his 1988 sentencing as a persistent violent felony offender.

Almost simultaneously with his federal challenge to his 1988 sentence, on February 8, 1994, Sims initiated an appeal of his 1976 conviction and sentence in New York Supreme Court, Kings County, arguing ineffective assistance of counsel. Justice Gerges, finding that Sims had failed to prove his allegations of fact pursuant to N.Y.Crim. Proc.L. § 440.30(4)(d), denied the appeal on

---

1. N.Y.Penal L. § 70.08 defines a "persistent violent felony offender" as "a person who stands convicted of a violent felony offense as defined in subdivision one of section 70.02 after having previously been subjected to two or more predicate violent felony convictions ..."

May 10, 1994. Sims then applied to the Appellate Division, Second Department, for leave to appeal. The Second Department denied Sims such leave on July 28, 1994. On January 17, 1995, Sims sought a writ of habeas corpus in this court to vacate his 1988 sentence on the basis that his 1976 conviction was unconstitutional, and therefore that it should not have been used as a predicate supporting his 1988 sentencing as a persistent violent felony offender.

## II.

### DISCUSSION

■ Exhaustion of state remedies is required prior to federal review of habeas corpus petitions under 28 U.S.C. § 2254(b). *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir. 1991); *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir.1990) (per curiam). A motion to set aside sentence may be heard by the New York court which entered the original judgment, unless the issue has been previously determined on the merits on direct appeal. N.Y.Crim.Proc.L. § 440.20. Even where the issue has been previously determined on direct appeal, § 440.20 provides for state court review of a sentence if there has been a retroactively effective change in the controlling law. Furthermore, federal constitutional claims must be presented to the highest state court before federal review on the merits will be granted. *Grey*, 933 F.2d at 119; *Pesina*, 913 F.2d at 54.

### A. The Violent Predicate Felony Claim

■ Under New York law, a person convicted of a violent felony offense who has previously been convicted of two or more prior "violent felony offenses"[2] is treated as a persistent violent felony offender. N.Y.Pe-

---

2.  *See* N.Y.Penal L. §§ 70.02, 70.04(1)(b).

3.  *See* N.Y.Penal L. § 70.02(1)(c).

4.  Petitioner cites the following federal cases in which the courts either held or stated in dicta that the mere possession of a firearm does not constitute a "violent felony" for purposes of enhancement of sentence under the Guidelines: *United States v. Oliver*, 20 F.3d 415 (11th Cir. 1994); *United States v. Canon*, 993 F.2d 1439 (9th Cir.1993); *United States v. Bell*, 966 F.2d

---

nal L. § 70.08; N.Y.Crim.Proc.L. § 400.16. Sims argues that although criminal possession of a weapon in the third degree was classified as a violent felony offense when he was sentenced in 1988,[3] it no longer is considered such. As authority for this proposition, Sims relies upon several recent federal cases which have determined that possession of a weapon does not constitute a violent felony offense for purposes of sentencing under the United States Sentencing Guidelines.[4] Urging a retroactive application of these cases to his own sentencing, Petitioner argues that his sentencing as a persistent violent felony offender violates his rights under the Eighth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment.

Sims never raised the issue of whether a conviction for third degree weapon possession constitutes a violent felony at either his sentencing or on direct appeal in state court. At his 1988 sentencing, Sims argued that attempted robbery in the second degree was not a violent felony, and therefore his 1976 conviction should not be used to enhance his 1988 sentence. At no time during the 1988 sentencing did Petitioner ever argue that third degree weapon possession was not a violent felony. In 1993, Petitioner did move in state court to vacate his 1988 sentence by challenging the use of his 1980 conviction as a predicate for the persistent violent felony offender enhancement. However, on that motion to vacate, Sims contended that his 1980 conviction had resulted from an illegal stop and frisk, and therefore could not serve as a predicate. Again, Sims never mentioned the issue of whether third degree weapon possession constitutes a violent felony.

At no time has Petitioner presented for the consideration of the New York state courts

---

703 (1st Cir.1992); *United States v. Fitzhugh*, 954 F.2d 253 (5th Cir.1992), *cert. denied*, — U.S. ——, 114 S.Ct. 259, 126 L.Ed.2d 211 (1993); and *United States v. Chapple*, 942 F.2d 439 (7th Cir. 1991).

Because of my determination of the exhaustion issue, *infra*, I will not reach the merits of Sims' claim regarding the applicability of federal case law interpreting the federal Guidelines to convictions entered and sentences imposed pursuant to state law statutes.

the current issue of whether a prior conviction for weapon possession in the third degree constitutes a violent predicate felony for purposes of sentence enhancement. Because Petitioner has not exhausted his state court remedies, this request for a writ of habeas corpus must be denied. *See Grey*, 933 F.2d at 120 ("For a federal court to hold that a state court had the opportunity to rule on a constitutional claim as to which no ruling was requested, and then to rule on the merits of the claim itself, would undermine the very considerations of comity that the rules of exhaustion were designed to protect.")

### B. The Ineffective Assistance of Counsel Claim

In a separate petition for a writ of habeas corpus, Petitioner claims that he was deprived of his constitutional right to appeal his 1976 conviction due to the ineffective assistance of his trial counsel. Sims argues that because his 1976 sentence was unconstitutional, it should not have been used as a predicate supporting his 1988 sentencing as a persistent violent felony offender.

The general standard applicable to an ineffective assistance of counsel claim was set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). According to the *Strickland* test, the defendant must demonstrate both that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Id.* at 687, 697, 104 S.Ct. at 2064, 2070. Such prejudice entails a showing that the errors were so serious that the defendant was deprived of a fair and reliable trial. *Id.* These determinations are mixed questions of law and fact. *Id.* at 698, 104 S.Ct. at 2070.

In *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), the United States Supreme Court held that the *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. The first part of the test in this context focuses on whether counsel's advice to plead guilty falls "within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56, 106 S.Ct. at 369 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)).

*See also id.* at 58–59, 106 S.Ct. at 370–71; *Siao–Pao v. Keane*, 878 F.Supp. 468 (S.D.N.Y.1995) (objective standard of reasonableness applies to habeas petitioners' claims of ineffective assistance of counsel). To satisfy the second element of the *Strickland–Hill* test, the defendant must show that counsel's constitutionally ineffective assistance affected the outcome of the proceedings, which means that "there is a reasonable probability that, but for counsel's errors, he [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S.Ct. at 370.

According to the petition, at the time of Sims' 1976 sentencing, his court-appointed Legal Aid attorney failed to advise Sims of his right to appeal his conviction; failed to file a notice of appeal on Sims' behalf; and failed to inform Sims of the proper methods for perfecting his appeal. Allegedly, the basis for Sims' appeal would have been the trial judge's failure to give Sims "meaningful warning that if he was previously convicted of a felony, that he could face additional or different punishment as a result of his previous conviction for a felony." (Pet.Supp. Writ Habeas Corpus, January 17, 1995 at 5.) Sims argues that because of his counsel's failures, the 1976 conviction was unconstitutional, and therefore it should not have been used as a predicate during his 1988 sentencing. In turn, Petitioner claims that he should have been sentenced as a second or third felony offender in 1988, but not as a persistent violent felony offender.

Having appealed this issue to the New York Supreme Court, and then having applied unsuccessfully for leave to appeal to the Appellate Division, Sims has exhausted his state remedies.

■ Applying the first part of the *Strickland–Hill* test, Sims has failed to demonstrate that at the 1976 sentencing his counsel's performance fell below an objective level of reasonableness for criminal defense attorneys. Eighteen years passed before Sims decided to challenge that guilty plea. Even now, Sims does not profess his innocence to the 1976 charge, but rather argues that his conviction should be overturned because he

was denied his right to appeal. However, Sims waived his right to appeal when he pleaded guilty. Unless Sims was prepared to attempt to withdraw his guilty plea, he had no right to appeal of which to be informed. Obviously there are no proper means to perfect a non-existent right, and Petitioner's counsel could not have been expected to file a notice of appeal under these circumstances. Thus, Petitioner has failed to satisfy the first part of the *Strickland–Hill* test.

Even if Petitioner had a right to appeal, he has failed to satisfy his burden under step two of the *Strickland–Hill* test by demonstrating a reasonable probability that but for his counsel's errors, he would not have pleaded guilty in 1976, but instead would have insisted on going to trial. The language in Sims' petition on this point is confusing at best. (*See* Pet.Supp. Writ Habeas Corpus, January 17, 1995 at 5.) The petition might be read to indicate that the 1976 sentencing judge should have told Sims that if he had been convicted of a felony prior to 1976, that conviction could be used to enhance his 1976 sentence. However, Sims has offered no evidence—nor has he even asserted generally—that he had some pre-1976 felony conviction which the 1976 sentencing judge considered in imposing sentence. As a result, I can find no evidence under this interpretation to support a finding of a reasonable probability that but for the actions of counsel, the outcome of the proceedings would have been different or that Sims would not have pleaded guilty and insisted on going to trial. This interpretation of Petitioner's claims thus fails the second part of the *Strickland–Hill* test.

Alternatively, Sims contention may be that the 1976 sentencing judge had an obligation to inform him of the possible future consequences of his conviction. Specifically, Sims asserts that the sentencing judge should have told him that if at some time in the future he were to be convicted of a felony, the 1976 conviction could be used to enhance the sentence on the future conviction. Under this argument, Petitioner would have me impose upon the state courts the obligation of acting with omniscience when imposing sentences. It goes against our notions of

justice to assume that simply because a defendant has committed a crime once, he is destined to repeat his criminal behavior in the future. Moreover, two of the considerations behind criminal punishment are specific deterrence of an individual defendant and rehabilitation. *United States v. Murphy,* 108 F.R.D. 437, 438 (E.D.N.Y.1985). Assuming that our justice system continues to adhere to the pursuit of these goals, the 1976 sentencing judge had no obligation or ability to foresee that Sims would commit another felony years into the future. In turn, the 1976 sentencing judge had no obligation to warn Sims that his then-present felony conviction could be used as a sentence-enhancing predicate in the event of a future felony conviction.

If this is the correct interpretation of Sims' claim, it would be a claim manufactured in hindsight in a specious attempt to overturn an otherwise valid eighteen year-old conviction. On this basis, I cannot find that "but for" counsel's alleged error, Sims would not have pleaded guilty, but instead would have insisted on going to trial eighteen years ago. Therefore, the petition as construed in this manner fails the second part of the *Strickland–Hill* test, as well.

Regardless of how the argument in the petition is read, it fails both prongs of the *Strickland–Hill* test. In turn, Sims has failed to demonstrate that his 1976 sentence was rendered unjust or unreliable due to any deficiency in the assistance of his counsel. Therefore, Justice Rothwax's reliance on the 1976 conviction as a predicate for the enhancement Sims' 1988 sentence was not unjustified, and accordingly this petition for a writ of habeas corpus is denied.

### III.

### CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus on the basis that possession of a weapon in the third degree does not constitute a violent predicate felony is denied for Petitioner's failure exhaust all available state remedies. The petition for a writ of habeas corpus on the basis of ineffec-

tive assistance of counsel is denied on the merits.

Both petitions are hereby dismissed.

SO ORDERED.