James M. MORRISON, Petitioner,

v.

R. McCLELLAN, Superintendent,
Southport Correctional
Facility, Respondent.

No. CV 94–2734.

United States District Court,
E.D. New York.

Oct. 27, 1995.

James M. Morrison, Pine City, NY, Petitioner Pro Se.

James M. Catterson, Suffolk County District Attorney by Karen Petterson, Assistant District Attorney, Riverhead, NY, for respondent.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

On May 8, 1990, petitioner James J. Morrison ("Morrison") was convicted in New York State Supreme Court, Suffolk County of sixteen counts of sodomy. He was sentenced to sixteen concurrent terms of incarceration of twelve and one-half to twenty-five years. The conviction was affirmed by the New York State Supreme Court, Appellate Division, Second Department; the New York State Court of Appeals denied leave to appeal. Presently before the Court is Morrison's petition, pursuant to 28 U.S.C. § 2254, for a writ of habeas corpus vacating his sentence on grounds that: (1) the prosecution failed to produce its witnesses' prior statements in a timely manner, as required by *People v. Rosario,* 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881 (1961); (2) the trial court erred in determining that certain material contained within a Child Protective Services file was privileged and, therefore,

not subject to *Rosario* pre-trial disclosure; (3) the prosecution's summation exceeded the bounds of fair comment; and (4) the prosecution failed to prove guilt beyond a reasonable doubt.

Morrison was indicted on fifty-two counts of sexual abuse in the first degree, fifty-two counts of sodomy in the first degree, three counts of harassment, two counts of assault in the third degree, and one count of criminal mischief in the fourth degree. In total, there were 110 counts. Counts 105–109 were severed by the court. Counts 97–104 were dismissed in the interest of justice, at the prosecution's request. In addition, based on Morrison's stipulation that the victim was less than eleven years old at the time of the incident, all odd number counts from 1 through 95 (relating to a theory of forcible compulsion) were dismissed. At trial, forty-nine counts remained.

### I.

A writ of habeas corpus is available to state prisoners who are "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). Two of the four bases advanced by Morrison in support of his petition involve whether the state court properly interpreted the scope of the *Rosario* rule. The *Rosario* rule "is grounded in the State's common law." *United States ex rel. Butler v. Schubin,* 376 F.Supp. 1241, 1247 (S.D.N.Y.1974), *aff'd without opinion,* 508 F.2d 837 (2d Cir.1975); *see Cruz v. Scully,* 716 F.Supp. 766, 769 n. 5 (S.D.N.Y.1989). Although it is generally considered to be New York's counterpart to a federal rule based on *Jencks v. United States,* 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), *see* 18 U.S.C. § 3500, the *Jencks* rule has not been construed as constitutional in nature. *See Palermo v. United States,* 360 U.S. 343, 345, 79 S.Ct. 1217, 1221, 3 L.Ed.2d 1287 (1959). Any error under *Rosario* at trial would be a violation of state law, and, thus, not subject to review under a petition for a writ of habeas corpus.

Morrison's two remaining grounds for habeas relief are also defective.

430

■ A habeas court may not review federal claims upon which a state court did not rule because they were not presented in the matter prescribed by state procedural rules. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). An example of what has been called "procedural default" is where a petitioner fails to include specific claims in his application for leave to appeal to the New York State Court of Appeals; in that situation, he is procedurally barred from presenting those claims in a federal habeas court. *Grey v. Hoke,* 933 F.2d 117, 121 (2d Cir.1991). The bar exists because state courts must be fairly apprised that petitioner is raising a federal constitutional claim and of the factual and legal premises underlying the claim before a federal court may review the claim. *See id.* at 119.

In *Grey,* the petitioner was convicted of first degree manslaughter, and that conviction was affirmed by the Appellate Division. The petitioner's letter application for leave to appeal to the Court of Appeals raised only one ground in the letter itself but several others in an attached appellate brief. Leave to appeal was denied. In subsequent habeas proceedings, the United States Court of Appeals for the Second Circuit held that claims contained in an appellate brief attached to an application for leave to appeal, which are not themselves contained in the application, are not sufficiently presented to the state court. *Id.* at 120.

■ Morrison presented one claim in his letter application for leave to appeal, and three others in an attached appellate brief. Morrison's claims that the prosecutor's summation exceeded the bounds of fair comment and that his guilt was not proved beyond a reasonable doubt were contained in the attached brief, not the letter application itself. Morrison, therefore, did not fairly present these claims to the Court of Appeals. Because Morrison does not have a second opportunity to seek leave, he has exhausted his unfair summation and inadequate proof claims. As such, he is procedurally barred from raising those claims in a federal habeas proceeding.

■ A district court may reach the merits of a procedurally barred claim where a petitioner demonstrates both that there is "cause" for the procedural default and "prejudice attributable thereto," *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986), or that the district court's failure to consider the federal claim will result in a "fundamental miscarriage of justice," *Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982).

Morrison has offered no explanation for why his claims were not properly presented in his application for leave to appeal and has made no attempt to show either that he was prejudiced by the resulting procedural default, or that it would be fundamentally unfair for the Court to decline to review the claims. In order to show prejudice, Morrison would have to demonstrate a reasonable possibility that the New York Court of Appeals would have accepted the arguments upon which Morrison procedurally defaulted.

■ Morrison procedurally defaulted on his claim that his guilt was not proved beyond a reasonable doubt. In determining whether a conviction is supported by sufficient evidence, a reviewing court must view the record in the light most favorable to the prosecution and ask whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Young v. Abrams,* 698 F.2d 131, 135 (2d Cir.1983). Issues of credibility are exclusively the province of the jury. *United States v. Shulman,* 624 F.2d 384, 388 (2d Cir.1980). At Morrison's trial, the jury heard testimony from the victim, who described the defendant's sexual abuse, the victim's mother, who confirmed portions of her son's testimony, and an investigating detective. A treating physician testified that the victim displayed actions consistent with those of a child who had been sexually abused. The record contains substantial support for the conclusion that Morrison's guilt was proved beyond a reasonable doubt. Because the Court determines that the jury verdict was a rational one, Morrison cannot establish that he was prejudiced by the procedural default.

■ Morrison also procedurally defaulted on his claim that the prosecution's sum-

mation exceeding the bounds of fair comment. Prosecutorial misconduct during summation is grounds for reversal only where the remarks caused "substantial prejudice" to the defendant. *Gonzalez v. Sullivan*, 934 F.2d 419, 424 (2d Cir.1991). In determining whether the defendant was substantially prejudiced a reviewing court must examine the severity of the misconduct, the measures the trial court used, if any, to cure the misconduct, and the certainty of conviction absent the improper statements. *United States v. Modica*, 663 F.2d 1173, 1181 (2d Cir.1981). In addition, where defense counsel's summation invited the prosecution to make the allegedly improper remarks, it is unlikely that "the prosecutor's response ... affected the jury's ability to judge the evidence fairly." *Gonzalez*, 934 F.2d at 424.

A review of the trial record indicates that the prosecutor's allegedly improper remarks were made in response to defense counsel's attacks on the credibility of witnesses for the People. Defense counsel stated that, "if [he] had to sum up in one word, that would be credibility." The prosecutor responded by explaining that the victim took the stand and answered questions honestly. He added the allegation that the defendant had bargained that the victim would not have the inner strength to testify. The prosecutor's summation addressed the issue of credibility, as raised by the defendant.

The judge instructed the jury that they were the sole judges of the facts and that the summation was not evidence. In addition, given the strength of the People's case, it is highly unlikely that the jury would have found differently but for the allegedly improper remark. As such, Morrison can not establish that he was prejudiced by the procedural default on his unfair summation claim.

## II.

For the above reasons, Morrison's petition for a writ of habeas corpus is dismissed.

SO ORDERED.