101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
William MONROIG, Petitioner-Appellant,
v.
Louis MANN, Superintendent of Shawangunk Correctional
Facility, Respondent-Appellee.
 No. 95-2368.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 Appearing for appellant: Ronald L. Kuby, Kunstler & Kuby, New York, New York.
 Appearing for appellee: Robin A. Forshaw, Assistant District Attorney, Queens County, Kew Gardens, New York.
 E.D.N.Y.
 AFFIRMED.
 Appeal from the United States District Court for the Eastern District of New York (Weinstein, Judge ).
 Present Hon. Ellsworth A. VAN GRAAFEILAND, Hon. Thomas J. MESKILL, Hon. Ralph K. WINTER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 William Monroig appeals from Judge Weinstein's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Monroig is serving a prison term of twenty-five years to life after being convicted in Queens County Supreme Court for murder in the second degree, attempted robbery in the first degree, and criminal use of a firearm in the second degree.
 
 
 4
 Monroig raises two claims of ineffective assistance of counsel on appeal. First, he argues that his trial counsel failed to present a comparison of hairs found on a hat from the crime scene with Monroig's hair. Second, he claims that his trial counsel did not adequately cross-examine a prosecution witness regarding prior inconsistent statements.
 
 
 5
 In order to prevail on either ineffective assistance claim, Monroig has to establish that his trial counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," Strickland v. Washington, 466 U.S. 668, 687 (1984), and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.
 
 
 6
 Judge Weinstein rejected Monroig's first claim on the ground that "counsel made a tactical decision that was rational." We agree. As Judge Weinstein observed at the evidentiary hearing, it was a rational decision to object (successfully) to the admission of any evidence regarding hairs found in the hat. First, based upon Monroig's "swarthy" physical appearance, the jury might have concluded that mixed race hairs discovered in the hat were his. Monroig's trial attorney testified that he wanted to prevent such speculation by the jury. Second, the hair evidence could not clearly have exculpated Monroig because hairs from individuals of different racial backgrounds were found in the hat. More than one person had clearly worn it. Furthermore, the chain of custody was uncertain because it was not recovered directly by police at the crime scene, but discovered later among the victim's belongings at the hospital. Third, defense counsel used the police's failure to match the hairs on the hat with Monroig's to argue that the police investigation was shoddy. Finally, we note that seeking the comparison of hairs could have had a disastrous result: they might have matched.
 
 
 7
 Judge Weinstein rejected Monroig's second claim on the ground of failure to exhaust state remedies, observing that the claim was not raised on direct appeal or on collateral attack at the state level. Monroig claimed in state collateral proceedings that he received ineffective assistance of counsel because his trial lawyer failed to adequately cross-examine prosecution witness Ismeal Mercado. In his federal habeas petition, Monroig repeated the same claim with regard to Mercado. Monroig now also contends that counsel's inadequate cross-examination of another prosecution witness, Edwin Morales, gives rise to an ineffective assistance claim. Irrespective of whether Monroig's second claim arises from the cross-examination of Mercado or Morales, the claim must fail.
 
 
 8
 With respect to Mercado, we hold that Monroig is procedurally barred from raising this claim because he failed to raise the issue on direct appeal. See N.Y.Crim. Proc. Law § 440.10(2)(c) (foreclosing litigation of an issue on collateral review that could have been raised on direct appeal); People v. Skinner, 552 N.Y.S.2d 932, 934-35, 154 A.D.2d 216, 221 (N.Y.App.Div. 1st Dep't), appeal denied, 76 N.Y.2d 796, 559 N.E.2d 695, 559 N.Y.S.2d 1001 (N.Y.1990).
 
 
 9
 With respect to Morales, the district court dismissed the petition for failure to exhaust. We agree that Monroig's claim was not raised in state court. However, as Monroig correctly points out, we may entertain such a claim "if it is clear that the state court would hold the claim procedurally barred." Grey v. Hoke, 933 F.2d 117, 120 (2d Cir.1991) (quoting Harris v. Reed, 489 U.S. 255, 263 n. 9 (1989)) (internal quotation marks omitted). We conclude that the New York courts would hold the Morales claim to be procedurally barred. Indeed, it so held with regard to the ineffective assistance claim based on a failure to cross-examine Mercado and with the ineffective assistance of counsel claims generally, because Monroig could have raised the issues on direct appeal but failed to do so.
 
 
 10
 We hold, therefore, that Monroig has defaulted on both his claim relating to the cross-examination of Morales and his claim relating to the cross-examination of Mercado. Such a procedural default bars Monroig from litigating the merits of his claim in federal habeas proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom. Murray v. Carrier, 477 U.S. 478, 492 (1986). Monroig makes no such showing. Monroig's petition also claimed ineffective assistance of appellate counsel. We find nothing in the record to sustain such a claim.
 
 
 11
 We therefore affirm.