**Adrian MELENDEZ, Petitioner**

v.

**Henry GARVIN, Respondent.**

**No. 97 Civ. 3335(MGC).**

United States District Court, S.D. New York.

April 4, 2003.

**184**

Adrian Melendez, Bronx, NY, Petitioner, pro se.

Robert T. Johnson, District Attorney of the County of Bronx, Bronx, NY by Nancy D. Killian, Assistant District Attorney, for Respondent.

## OPINION

CEDARBAUM, District Judge.

Adrian Melendez petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the petition is denied.

### BACKGROUND

Petitioner was convicted in New York State Supreme Court on September 18, 1992 of Attempted Burglary in the Second Degree upon his plea of guilty to a superior court information. He was sentenced as a persistent violent felony offender to an indeterminate term of imprisonment of six years to life. Petitioner's assigned appellate counsel. The Legal Aid Society, filed a brief in the Appellate Division, concluding that there were no non-frivolous issues for appeal and requesting to be relieved as counsel. After permission was granted by the Appellate Division, petitioner filed a *pro se* brief in which he argued that he was improperly prosecuted pursuant to a superior court information, although he had waived indictment. On December 8, 1994, the Appellate Division affirmed petitioner's judgment of conviction.—*People v. Melendez*, 210 A.D.2d 74, 620 N.Y.S.2d 946 (1st Dept.1994). The Appellate Division determined that petitioner's waiver of his right to be prosecuted by indictment complied with the provisions of New York Criminal Procedure Law §§ 195.10 and 195.20. *Id.* at 74–75, 620 N.Y.S.2d 946. On April 10, 1995, the Court of Appeals denied petitioner's application for leave to appeal to that court. *People v. Melendez*, 85 N.Y.2d 940, 627 N.Y.S.2d 1002, 651 N.E.2d 927 (1995). On February 29, 1996, petitioner filed a New York Criminal Procedure Law § 440.10 motion to vacate the judgment of conviction. He again asserted that his waiver of indictment and plea of guilty to an information was improper, and also asserted that he had been denied effective assistance of appellate counsel because his improper waiver of indictment claim was not frivolous and should have been argued by his appellate counsel. On July 26, 1996, Justice Cohen of the New York Supreme Court denied petitioner's motion. Justice Cohen held that the validity of the waiver of indictment had been decided adversely to petitioner on his direct appeal, and the alleged ineffective assistance of appellate counsel could only be reviewed by the Appellate Division pursuant to a writ of error coram nobis which petitioner did not pursue.

Thereafter, Melendez petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I dismissed the petition as time barred under 28 U.S.C. § 2244(d)(1). The Court of Appeals vacated that judgment and remanded the petition for further proceedings.

In his petition for habeas corpus, Melendez asserts two claims. First, petitioner argues that he was improperly sentenced

on a Superior Court information and not after indictment. Second, petitioner argues that he was denied effective assistance of counsel because his trial attorney provided him with false information regarding the nature of his plea agreement, which petitioner believed because he was unable to read. Additionally, in petitioner's memorandum of law in support of his petition, he discusses the ineffective assistance of counsel claim that he had brought in his collateral state proceeding arguing that his appellate counsel should have pursued the claim of improper waiver of indictment.

## DISCUSSION

### Waiver of Indictment

 Petitioner's first claim is that his waiver of grand jury indictment and subsequent plea of guilty to an information was improper. This claim raises a question of state law alone, which is not cognizable on federal habeas review. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). In any event, the Appellate Division concluded that petitioner's waiver complied with New York Criminal Procedure Law, and a state court's determination under state law is not reviewable through a federal petition for habeas corpus.

### Ineffective Assistance of Counsel

 Petitioner's second claim is that he was denied the effective assistance of counsel because his trial counsel provided him with false information about the nature of the plea agreement. Petitioner asserts that he was unable to read the agreement that he signed. Respondent argues that petitioner has failed to exhaust his state remedies with respect to this claim. 28 U.S.C. § 2254(b)(1) states:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Because petitioner has not shown that either section 2254(b)(1)(B)(i) or (B)(ii) applies, he must show that he has met the exhaustion requirement of section 2254(b)(1)(A). The exhaustion requirement is satisfied if the federal claim was fairly presented to the highest state court capable of reviewing the claim. *Grey v. Hoke,* 933 F.2d 117 (2d Cir.1991). Petitioner never asserted a claim in any state court based on the ineffective assistance of trial counsel. This claim is therefore unexhausted.

 Petitioner may not now seek collateral review in the state courts of his waiver and ineffective assistance of trial counsel claims because these claims either could have been, or were in fact, raised on direct appeal. New York Criminal Procedure Law §§ 410.10(2)(a), (2)(c), *Bossett* at 829. Therefore, these claims are deemed exhausted for habeas review, but his procedural default is an independent and adequate state law ground. *Gray v. Netherland,* 518 U.S. 152, 161–62, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). Since petitioner has not shown cause for his state law default, his petition on these claims must be denied. *Grey* at 162.

 Petitioner's ineffective assistance of appellate counsel claim is also unexhausted. The Supreme Court held that petitioner must bring this claim by a writ of error coram nobis to the Appellate Division. Petitioner has failed to do so. In any event, this claim fails on the merits.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his attorney's representation was unreasonable under the "prevailing professional norms," and that there is a reasonable probability that, but for his attorney's errors, "the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Appellate Division considered petitioner's waiver claim and ruled that petitioner's waiver of his right to be prosecuted by indictment complied with the provisions of New York Criminal Procedure Law §§ 195.10 and 195.20. *People v. Melendez,* 210 A.D.2d 74, 620 N.Y.S.2d 946 (1st Dept.1994). Therefore, petitioner has not shown that the outcome would have been different had his appellate counsel argued this claim.

## CONCLUSION

For the foregoing reasons, Adrian Melendez's petition for a writ of habeas corpus is denied.

SO ORDERED.