Mariano **RIVERA**, Petitioner,

v.

Charles **GREINER**, Superintendent of Greenhaven Correctional Facility, Respondent.

Nos. 01–CV–1157 (JBW), 03–MISC–0066(JBW).

United States District Court, E.D. New York.

June 12, 2003.

---

Monique Denise Ferrell, Brooklyn, NY, for Respondent.

Mariano Rivera Stromville, NY, David W. Windley, Brooklyn, NY, for Petitioner.

## ORDER

WEINSTEIN, Senior District Judge.

No hearing on this matter is necessary. For the reasons discussed below, the petition for a writ of habeas corpus is stayed for a reasonable period of time to allow petitioner to exhaust his claim in state court if he so chooses.

## I.   Facts and Procedural History

Petitioner was tried before a jury on numerous charges stemming from incidents of rape, sodomy and sexual abuse of his six-year-old stepdaughter spanning approximately a year.  He was also tried on counts relating to sexual contact with his

two-year-old biological daughter. At the trial, petitioner's stepdaughter gave compelling testimony concerning the abuse she suffered. She also recounted her observations of petitioner abusing her young stepsister, something about which she had notified her school teacher. A medical doctor testified to the physical evidence of sexual abuse that she found in her examinations of the two girls.

Petitioner was convicted of two counts of first degree rape; two counts of first degree sodomy; three counts of first degree sexual abuse; and one count of endangering the welfare of a child. He was acquitted of the counts of rape, sodomy and sexual abuse that allegedly occurred during the earliest periods specified in the indictment.

Petitioner was sentenced to 8–1/3 to 25 years in prison for each count of first degree rape and first degree sodomy pertaining to petitioner's stepdaughter; 2–1/3 to 7 years in prison for each count of first degree sexual abuse pertaining to petitioner's stepdaughter; 3–1/2 to 7 years for the first degree sexual abuse count pertaining to his biological daughter; and 1 year for the count of endangering the welfare of a child. Sentences for each count of first degree rape and first degree sodomy pertaining to petitioner's stepdaughter, as well as for the count of first degree sexual abuse pertaining to petitioner's biological daughter, were ordered by the court to be served consecutively. All other sentences were to be served concurrently with the sentences for those counts. Petitioner's aggregate sentence was 36–5/6 to 107 years in prison.

Petitioner filed a direct appeal, arguing (1) that the trial court improperly permitted a psychologist to testify for the prosecution; (2) that the prosecutor made improper comments during summation and cross-examination of defense witnesses; and (3) that "the trial court committed

reversible error in imposing a harsh and excessive sentence." The Appellate Division affirmed the sentence and convictions. Petitioner sought leave to appeal on the "harsh and excessive sentence" issue to the New York Court of Appeals. Leave to appeal was denied. No state collateral motions were filed.

Petitioner's state appellate counsel sought assignment from this court to represent petitioner in the present habeas proceedings pursuant to the Criminal Justice Act. The motion was at first denied but was subsequently granted. Counsel filed a habeas application making a single claim: that imposition of consecutive terms of imprisonment under the instant circumstances constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

Petitioner's counsel has reportedly passed away during the pendency of these proceedings. Petitioner seeks appointment of new counsel. His motion is denied for lack of a showing of sufficient merit.

## II. AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." *Sellan v. Kuhlman,* 261 F.3d 303, 313 (2d Cir.2001)

(quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir.1999)). Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring and writing for the majority in this part). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495. "[F]ederal law, as determined by the Supreme Court, may as much be a generalized standard that must be followed, as a bright-line rule designed to effectuate such a standard in a particular context." *Overton v. Newton*, 295 F.3d 270, 278 (2d Cir.2002). Determination of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

This opinion complies with *Miranda v. Bennett*, 322 F.3d 171, 175–77 (2d Cir. 2003), and Rule 52 of the Federal Rules of Civil Procedure. No other issue open to consideration by this court has merit.

III. Exhaustion

■ In the past, a state prisoner's federal habeas petition had to be dismissed if the prisoner did not exhaust available state remedies as to any of his federal claims. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). "This exhaustion requirement is ... grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The exhaustion requirement requires the petitioner to have presented to the state court "both the factual and legal premises of the claim he asserts in federal court." *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir.1982) (en banc).

Pursuant to AEDPA, a district court may now, in its discretion, *deny* on the merits habeas petitions containing unexhausted claims—so-called "mixed petitions." *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."). In addition, the state may waive the exhaustion requirement, but a "State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." *Id.* § 2254(b)(3); *see also Ramos v. Keane*, No. 98 CIV. 1604, 2000 WL 12142, at *3, 2000 U.S. Dist. LEXIS 101, at *10 (S.D.N.Y.2000) (state's failure to raise exhaustion requirement does not waive the issue).

■ If a petitioner specifies only certain issues that he deems worthy of review in a letter seeking leave to appeal a conviction to the New York Court of Appeals, he will be deemed to have waived any remaining claims in the original appellate brief. *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991).

■ A claim may be presented for habeas review even if the federal grounds were not explicitly asserted before the state courts if the petitioner, in asserting his claim before the state court, relied on pertinent federal cases employing constitutional analysis, relied on state cases em-

ploying constitutional analysis in like fact situations, asserted his claims in terms so particular as to call to mind specific rights protected by the constitution, or alleged a pattern of facts well within mainstream of constitutional litigation. *See Daye v. Attorney General,* 696 F.2d 186 (2d Cir.1982).

### IV.  Procedural Bar

■ A federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule, "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

### V.  Analysis of Present Claim

■ Respondent contends that petitioner did not exhaust his claim in state court because petitioner, in seeking a reduction of sentence, invoked only the Appellate Division's unique discretion to modify legal sentences in the interests of justice. Petitioner's counsel in fact concedes that counsel "did not raise the 8th amendment issue on appeal, by use of those words, in that the N.Y. State Criminal Procedure Law (CPL) grants discretion to the Appellate Division to reduce a sentence where the court believes that the sentence 'though legal, was unduly harsh or severe.'" Pet. Seeking 28 USC 2254 Relief, at 9.

Respondent is correct that this constitutional claim was not raised in state court and has not been exhausted. It appears that petitioner may not be barred from raising this claim in a state motion to set aside sentence pursuant to section 440.20 of the New York Criminal Procedure Law, on the ground that the sentence was "unauthorized, illegally imposed or otherwise invalid as a matter of law." Contrary to respondent's suggestion, the claim appears not to have been procedurally defaulted.

■ Because this court is reluctant to pass on a claim that may be viable in state court, this matter will be stayed to allow petitioner a reasonable period of time in which to exhaust his claim in state court. *See Zarvela v. Artuz,* 254 F.3d 374, 380 (2d Cir.2001) (quotation omitted) ("only appropriate course in cases ... where an outright dismissal could jeopardize the timeliness of a collateral attack" is to stay further proceedings).

### VI.  Conclusion

The petition for a writ of habeas corpus is stayed.

The clerk of the court is order to administratively close this case unless or until either of the parties moves to restore the matter.

Petitioner is warned that he may be barred from reopening his federal habeas petition on statute of limitations or other grounds if he delays in initiating collateral proceedings in state court or if, having been denied relief in state court, he delays in seeking to reopen these federal proceedings. *See Zarvela,* 254 F.3d at 381 (reasonable period of time in which to initiate state collateral proceedings is 30 days, and reasonable period of time in which to reinitiate federal proceeding following state court decision is also 30 days).

Respondent may move, on notice to petitioner, to vacate the stay entered herein and to dismiss the petition for failure to prosecute or on other grounds.

SO ORDERED.