**Oswald DAWKINS, Petitioner–Appellant,**

**v.**

**Christopher ARTUZ, Superintendent, Respondent–Appellee.**

**Docket No. 02–2424.**

United States Court of Appeals, Second Circuit.

Oct. 17, 2005.

Susan Fitzpatrick, Ossining, N.Y., for Petitioner–Appellant.

Michael S. Morgan, Assistant District Attorney, New York County (Robert M.

Morgenthau, District Attorney, New York County, on the brief; Morrie I. Kleinbart, Assistant District Attorney, New York County,), New York, N.Y., for Respondent-Appellee, of counsel.

PRESENT: WALKER, Chief Judge, CALABRESI, and STRAUB, *Circuit* Judges.

*SUMMARY ORDER*

Petitioner–Appellant Oswald Dawkins ("Dawkins") appeals from an order entered on March 21, 2002, in the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge* ) denying his *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. On July 10, 2003, we granted a certificate of appealability and appointed counsel to brief the following issues:

(1) whether the prosecutor's conduct, during summation and concerning appellant's third mistrial motion, constituted constitutionally improper prosecutorial misconduct and, if so, whether the Appellate Division's determination was contrary to, or involved an unreasonable application of, clearly established federal law; (2) whether defense counsel's opening statement at trial could be construed as an attack on witness Orville Barnaby's credibility so as to warrant the introduction of Barnaby's cooperation agreement in evidence during Barnaby's direct examination, *see United States v. Cosentino,* 844 F.2d 30, 33 (2d Cir.1988); and (3) if not, whether a *de novo* standard of review is warranted to determine if appellant's due process rights were violated in light of the Appellate Division's holding that such claim was "either unpreserved or without merit," where the appellee had argued that such claim was both unpreserved and without merit, *see Ryan v. Miller,* 303 F.3d 231, 246 (2d Cir.2002).

We dismissed the petition as to the other grounds for relief. These issues and the underlying facts have been the subject of an Opinion filed by the Supreme Court of New York, Appellate Division, First Department, reported at 190 A.D.2d 564, 593 N.Y.S.2d 1016 (1st Dep't 2002), and an unpublished decision by the District Court dated March 19, 2002. We assume familiarity with each of these decisions and affirm the District Court's ruling.

With regards to the first issue identified in the certificate of appealability, Dawkins advances four arguments: (i) the prosecutor's outburst during the defense's recross-examination of Francis Armstead constituted misconduct; (ii) the prosecutor's denigration of defense counsel during his summation constituted misconduct; (iii) the prosecutor's statement during summation that the jury had "an opportunity today to replace the law of the streets, the violence, the law of the jungle with the law of the state" was an inflammatory appeal to "social justice" and constituted misconduct; and (iv) the prosecutor's references to Dawkins's nationality during summation constituted misconduct.

Dawkins did not fairly present his first, second, and third arguments to the New York Court of Appeals, and they no longer can be raised in state court. *See Grey v. Hoke,* 933 F.2d 117, 120–21 (2d Cir.1991). Accordingly, they can only be considered by us if there is cause and prejudice. *Id.* at 121. Petitioner has shown neither.

The only argument that is properly before us procedurally is that during summation, the prosecutor's improper references to the distinction between Dawkins's ethnicity, Jamaican, and the victim's, African–American, was an appeal to ethnic prejudice. To warrant granting the writ, the prosecutorial misconduct must have "so infected the trial with unfairness as to make

the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). Typically, "[r]emarks of the prosecutor in summation do not amount to a denial of due process unless they constitute egregious misconduct." *United States v. Elias,* 285 F.3d 183, 190 (2d Cir.2002) (quoting *United States v. Shareef,* 190 F.3d 71, 78 (2d Cir.1999) (internal quotation marks omitted)).

We agree with the District Court that the references to Dawkins's nationality were offered to provide a motive for the crime and not to suggest guilt by national association. *See, e.g., Schurman v. Leonardo,* 768 F.Supp. 993, 1002 (S.D.N.Y. 1991) (holding that prosecutor's suggestion in summation that the murder was racially motivated was not an appeal to racial prejudice); *cf. United States v. Doe,* 903 F.2d 16, 27–28 (D.C.Cir.1990) (holding that prosecutor's reference to Jamaicans "just like" the defendants taking over drug trade was improper because it suggested guilt by national association).

As for the second issue identified by the certificate of appealability, we understand Dawkins to have conceded that the improper introduction of the "truth telling" provisions of a witness's cooperation agreement has not been held to contravene any settled constitutional principle. We are barred by *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), from granting the writ based upon this claim, as this case does not fall within one of *Teague's* exceptions. *See Butler v. McKellar,* 494 U.S. 407, 415–16, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990).

The third issue identified by the certificate of appealability is moot considering our rulings on the first two issues.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.