**Ramon PADRO, Petitioner,**

v.

**Wayne L. STRACK, Respondent.**

**No. 99 Civ. 4961(AKH).**

United States District Court,
S.D. New York.

April 18, 2001.

### MEMORANDUM AND ORDER DENYING PETITION FOR HABEAS CORPUS

HELLERSTEIN, District Judge.

Petitioner Ramon Padro, pursuant to 28 U.S.C. § 2254, petitions for a writ of habeas corpus, seeking relief from a judgment of conviction, rendered November 29, 1993, in the New York County Supreme Court (Alvin Schlesinger, J.) for the crimes of sodomy in the first degree (two counts), rape in the first degree and burglary in the first degree. Finding no grounds for which relief can be granted, I deny the petition.

The charges giving rise to the instant petition stem from an incident that occurred on the night of November 12, 1992. On that night a woman was attacked by a man while entering her apartment. During the attack the man put a knife to her throat and told her to open the door or he would kill her. The attacker then raped and sodomized the woman.

Petitioner was charged with committing the attack. After a trial by jury, Petitioner was convicted of two counts of sodomy in the first degree, one count of rape in the first degree and one count of burglary in the first degree. Petitioner was sentenced on January 6, 1994 to concurrent terms of eight and one-third to twenty-five years for the rape and sodomy charges and to a consecutive term of two to six years for the burglary charge. Petitioner sought review in the Supreme Court of the State of New York, Appellate Division, First Department. By Decision and Order dated February 6, 1997, the Appellate Division

affirmed Petitioner's judgment of conviction. *See People v. Padro*, 236 A.D.2d 223, 654 N.Y.S.2d 287 (App.Div.1997). Leave to appeal was denied on May 19, 1997. *See People v. Padro*, 89 N.Y.2d 1098, 660 N.Y.S.2d 392, 682 N.E.2d 993 (1997).

Petitioner claims that subsequently he learned, through a police complaint follow-up report, that there was an existing set of video surveillance tapes of the street in question, and that these tapes were known to the District Attorney prior to commencement of trial. Petitioner then sought to vacate the judgment of conviction, pursuant to N.Y. C.P.L.R. 440.10(1)(g), on the grounds that the prosecution violated *People v. Rosario*, 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881, *cert. denied*, 368 U.S. 866, 82 S.Ct. 117, 7 L.Ed.2d 64 (1961) and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). By Decision and Order dated October 12, 1998, the Supreme Court of New York County denied Petitioner's motion. On February 4, 1999, the Appellate Division denied Petitioner's application for leave to appeal. On May 18, 1999, the New York Court of Appeals dismissed Petitioner's application for a certificate to appeal because the Order of the Appellate Division dated February 4, 1999 was not appealable under Criminal Procedure Law, Section 450.90(1).

Petitioner filed the instant petition for a writ of habeas corpus on July 9, 1999, claiming that the weight of evidence did not support a verdict of guilt beyond a reasonable doubt and that the prosecution had violated *Rosario* and *Brady*. Because I find that neither ground has merit, the petition is denied.

Petitioner first claims his state conviction should be reversed because the weight of the evidence did not support a verdict of guilt beyond a reasonable doubt. A petitioner, challenging a state criminal

conviction brought under 28 U.S.C. § 2254 based on an alleged insufficiency of evidence necessary to convict, is entitled to habeas corpus relief only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The federal court reviewing the conviction must determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. 2781. While under *Jackson*, the federal court must assess state court findings of guilt under the "proof beyond a reasonable doubt" standard, factual determinations of the state trial court are entitled to a "presumption of correctness." *Sumner v. Mata*, 455 U.S. 591, 592, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982) (per curiam).

 Petitioner contends that the accuracy of the victim's identification and testimony was discounted by a lack of corroboration and by forensic findings which, according to Petitioner, effectively eliminate him as the rapist. However, the victim's detailed description of Petitioner identifying him as the rapist and her credible testimony at trial provided the jury with more than sufficient evidence upon which to base its verdict. In a review of sufficiency of the evidence, the credibility of a witness is for the jury to decide. *People v. Malizia*, 62 N.Y.2d 755, 757, 476 N.Y.S.2d 825, 465 N.E.2d 364 *cert. denied*, 469 U.S. 932, 105 S.Ct. 327, 83 L.Ed.2d 264 (1984); *People v. Mosley*, 112 A.D.2d 812, 813–14, 492 N.Y.S.2d 403 (1st Dept.1985), *aff'd*, 67 N.Y.2d 985, 502 N.Y.S.2d 993, 494 N.E.2d 98 (1986). The forensic evidence included four usable latent fingerprints—two from the victim and two from her co-worker who called the police from the scene—and hair samples, none of which conclusively matched Petitioner. Although the forensic evidence was inconclusive in relation to Petitioner's identity, it did not eliminate Petitioner as the rapist. A federal court in a habeas review must ask itself whether "any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson*, 443 U.S. at 307, 99 S.Ct. 2781, not "whether it believes that the evidence brought at trial established guilt beyond a reasonable doubt." *Id.* at 318–19, 99 S.Ct. 2781. In the present case, where a detailed description, identification and credible testimony were present, this Court cannot conclude that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Under the *Jackson* standard, Petitioner's claim of insufficient evidence necessary to convict is without merit.

 Petitioner also claims that the prosecution violated the requirements of *Rosario* and *Brady* in failing to provide the defense with surveillance videotapes which, he maintains, were in the possession of the prosecution at the time of trial. Federal courts generally do not look at evidentiary errors unless they rise to a constitutional level. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Moreover, it is not the province of federal habeas corpus courts to examine state court determinations about state law questions. *Id.* The *Rosario* rule is a creation of New York common law. *Morrison v. McClellan*, 903 F.Supp. 428, 429 (E.D.N.Y.1995). As the court in *Morrison* stated, "[a]ny error under *Rosario* at trial would be a violation of state law, and thus, not subject to review under a petition for a writ of habeas corpus." *Id.* Therefore, petitioner's claim that the prosecution's failure to provide defense counsel with the surveillance tapes

was a violation of his *Rosario* rights is not cognizable under federal review and is dismissed.

 Petitioner also alleges that the prosecution's failure to provide the defense with the surveillance videotapes constituted a federal *Brady* violation. In criminal trials, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See also Ross v. McCoy*, No. 00 Civ. 804, 2001 WL 30451, *5 (S.D.N.Y. Jan. 10, 2001). Evidence is considered material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome." *Id.* Petitioner claims that the surveillance videotapes, from video cameras placed across the street from the victim's apartment, would have provided exculpatory information since the victim claims the attacker walked across the street before the attack and Petitioner claims he does not appear on the videotape.

Petitioner has failed to produce evidence sufficient to demonstrate that a *Brady* violation occurred. The trial prosecutor disclosed the existence of the tapes to Petitioner prior to commencement of trial, yet Petitioner never asked for the tapes, never raised his claims before the trial judge, and never sought to litigate his claims on direct appeal in state court. More significantly, on the merits, the tapes could not be construed as *Brady* material. The tapes pertained to surveillance of a commercial building on the opposite side of the street from the victim's apartment. The surveillance cameras that generated the tapes had been focused on that commercial building's door and periphery. The absence of Petitioner's image from the videotapes was not exculpatory since the cameras were focused on the doorways of the building and the absence of his image from the tapes should not have had an impact on the jury's verdict. The tapes indicate nothing about whether, for example, Petitioner was on the other side of the street in the vicinity of the victim's building, or whether he crossed the street from a point not in the vicinity of the commercial building doorways. Accordingly, Petitioner is not entitled to relief on his *Brady* claim.

Accordingly, for the reasons stated, the petition is dismissed. Because Petitioner has failed to make a substantial showing of the denial of a Constitutional right, *see* 28 U.S.C. § 2253(c)(2), Petitioner is not entitled to a certificate of appealability, and no certificate will be issued.

The Clerk of the Court is directed to mark this matter as closed.

SO ORDERED.