101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Ray ROSS, Petitioner-Appellant,
v.
Henry GAVIN, Supt. of Mid Orange Correctional Facility,
Respondent-Appellee.
 No. 95-2448.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 Steven A. Feldman, Feldman and Feldman, Hauppauge, NY, for Appellant.
 Roseann B. MacKechnie, Assistant District Attorney, Brooklyn, NY, for Appellees.
 Before OAKES, ALTIMARI and WALKER, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Weinstein, J.), and was submitted.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Petitioner-appellant Ray Ross appeals from a judgment entered June 21, 1995 in the district court dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and granting a certificate of probable cause as to whether the defendant's sentence was cruel and unusual.
 
 
 3
 A jury convicted Ross of Criminal Sale of a Controlled Substance in the Third Degree, N.Y. Penal Law § 220.39. After noting that the defendant's "very lengthy [criminal] history" includes at least one prior felony conviction, the sentencing court sentenced him to a term of imprisonment of nine to eighteen years. The Appellate Division of the New York State Supreme Court, Second Department, unanimously affirmed the judgment and the sentence, People v. Ross, 584 N.Y.S.2d 874 (2d Dep't 1992), and leave to appeal to the New York Court of Appeals was denied, People v. Ross, 588 N.Y.S.2d 834 (1992).
 
 
 4
 In his petition, Ross alleged, inter alia, that "judgment was reached in violation of a constitutional right under the U.S. Constitution (apparently because of lack of jurisdiction based on the small amount of cocaine)." In the first place, this claim has not been exhausted. On direct appeal, petitioner raised no federal or constitutional claim with regard to his sentence and, while he did raise such a claim in collateral state proceedings under New York Penal law § 440, he did not appeal from the trial court's adverse decision In any event, it is well settled that "[n]o federal constitutional issue is presented where ... the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir.1992). Criminal sale of a Controlled Substance in the Third Degree is a class B felony. N.Y. Penal Law § 220.39. The minimum term must be set at one-half of the maximum term, N.Y. Penal Law § 70.06(4), and as a second felony offender, Ross could have received a sentence of as long as twelve and one-half to twenty-five years. See N.Y. Penal Law §§ 70.00(2)(b), 70.06(3)(b). Because his sentence falls within the statutory parameters for a second felony offender, no federal constitutional issue is presented.
 
 
 5
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.