Jerome BROWN, Petitioner,

v.

Victor HERBERT, Superintendent, Respondent.

No. 01–CV–6233L.

United States District Court, W.D. New York.

Aug. 6, 2003.

**352**

Jerome Brown, Attica, NY, for plaintiff.

Loretta S. Courtney, Esq., Monroe County District Attorney's Office, Rochester, NY, for defendant.

## DECISION AND ORDER

LARIMER, District Judge.

## INTRODUCTION

Petitioner Jerome Brown ("Brown") filed this petition *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction based on a guilty plea in Monroe County Court. For the reasons set forth below, Brown's § 2254 petition is dismissed

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 14, 1996, Brown shot three people during an argument. All of the victims survived but suffered lasting injuries as a result of the shooting. The district attorney offered Brown the opportunity to plea to one count of Attempted Murder in the Second Degree and two counts of Assault in the First Degree. The agreed-upon sentence was a term of imprisonment of 17–34 years.

On October 30, 1996, Brown appeared with retained counsel before Judge David Egan in Monroe County Court to enter a guilty plea pursuant to the agreement. After the judge conducted an extensive colloquy, Brown told his lawyer that he "didn't think he wanted to go through with this." Judge Egan adjourned the matter for a *Huntley* hearing concerning statements made by Brown. 10/30/96 Transcript ("Tr.") at 12.

On December 13, 1996, Brown again appeared with counsel and informed the court that he now wished to enter into the previously offered plea agreement. Again, Judge Egan and the district attorney thoroughly questioned Brown concerning the plea agreement and the consequences of pleading guilty. The court and the district attorney accepted Brown's colloquy, and Brown received the promised sentence of 17 to 34 years.

One of the terms of the plea agreement included a waiver of Brown's right to appeal. However, Brown appealed his conviction to the Appellate Division, Fourth Department through new counsel on January 17, 1997. He argued that his sentence was harsh and excessive and that the waiver of his right to appeal was ineffective. The Appellate Division unanimously affirmed his conviction without comment in an order entered May 10, 2000. The New

York Court of Appeals denied leave to appeal on August 11, 2000.

Brown also attacked his conviction collaterally by means of a motion pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.20[1] to set aside the judgment on the ground that his sentence was illegal, as well as harsh and excessive. Judge Egan denied the motion in a summary order entered June 6, 1999. This habeas petition followed.

## DISCUSSION

### Exhaustion

Brown's federal habeas petition asserts four claims: (1) the plea agreement was involuntary; (2) his defense counsel was ineffective; (3) the waiver of his right to appeal was invalid; and (4) his sentence was excessive. Several of these claims may not be raised in a habeas corpus proceeding. I agree with respondent that Brown's ineffective-assistance-of-counsel claim and claim based on his allegedly involuntary plea are unexhausted because he failed to raise them in state court. It is also clear that Brown may no longer return to state court to exhaust these claims now.

■ First of all, Brown is procedurally barred from raising the unexhausted claim before the New York Court of Appeals because he has already made the one request for leave to appeal to which he is entitled. New York Court Rules

§ 500.10(a). Secondly, although Brown could return to state court and raise his attorney's ineffectiveness in a collateral C.P.L. § 440.10 motion, it would be a futile effort. Because Brown had new counsel on his direct appeal, the failure to raise an ineffectiveness claim based on his defense attorney's performance in relation to the plea bargain was unjustifiable, and County Court would deny that motion on the basis of C.P.L. § 440.10(2)(c).[2] His claim relating to the involuntary plea argument also could be raised in a C.P.L. § 440.10 motion, but it similarly would be denied on the basis of C.P.L. § 440.10(2)(c) because sufficient facts appeared on the record for Brown to have raised this claim on direct appeal.

■ These procedurally defaulted claims thus are "deemed exhausted." *See Grey v. Hoke,* 933 F.2d 117, 120–21 (2d Cir.1991). Federal habeas review is possible, though, if Brown "can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice,'" *i.e.,* a showing of "actual innocence." *Harris v. Reed,* 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *accord Velasquez v. Leonardo,* 898 F.2d 7, 9 (2d Cir.1990). Brown has alleged neither cause nor prejudice to excuse the default, and it is patently clear to the Court that Brown can meet neither prong of this test. There-

---

1. C.P.L. § 440.20(1) permits the trial court, upon defendant's motion, to "set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law." Pursuant to C.P.L. § 440.20(2), the court "must deny such a motion when the ground or issue raised thereupon was previously determined on the merits upon an appeal from the judgment or sentence." This provision is subject to a change-in-law exception not applicable here.

2. C.P.L. § 440.10(2)(c) requires the court to deny a motion to vacate the judgment where "sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, [but] no such appellate review ... occurred owing to ... the defendant's unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him."

fore, he cannot overcome the procedural default, and the claims relating to his counsel's ineffectiveness and to the involuntariness of his plea are barred from habeas review.

In any event, I note that both claims are wholly without merit and would not entitle Brown to habeas relief even if they were properly exhausted. As a threshold matter, Brown does not even allege that his counsel committed errors of a constitutional magnitude. Rather, he complains that after *he* decided to back out of the plea agreement, he had to wait about 45 days to have an evidentiary hearing on his case because his attorney had other matters scheduled in the interim. Brown has not come close to establishing that his counsel's performance was deficient, much less that he was prejudiced as a result of the allegedly infirm representation.

As to the claim based upon the alleged involuntariness of his plea agreement, I have reviewed the entire record in this matter, and, as discussed more fully below in the context of the appellate waiver claim, Brown knowingly and voluntarily entered into the plea agreement.

## Merits of the Petition

### Ineffectiveness of Waiver of Appellate Rights

Brown asserts that he is entitled to habeas relief because he did not effectively waive his right to appeal in the plea agreement entered into on December 13, 1996. He does not dispute that he personally consented to the waiver of the right to appeal during the colloquy on October 30, 1996. However, during the December 13, 1996 colloquy, Brown's attorney affirmatively answered for him in response to the trial court's question regarding the plea

bargain's appellate waiver condition. Brown argues that this waiver was ineffective because he personally did not assent to it. *See* Petition at 6.

At the outset, I note that the Supreme Court has held that as a "general rule ... a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings." *Lefkowitz v. Newsome*, 420 U.S. 283, 288, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975) (citing the so-called *"Brady* guilty plea trilogy")[3]. The Court reaffirmed this principle in *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973):

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards as set forth in *McMann* [*v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)].

*accord Lefkowitz*, 420 U.S. 283, 288, 95 S.Ct. 886, 43 L.Ed.2d 196. Thus, the bases for habeas review available to a petitioner convicted pursuant to a guilty plea are narrowly circumscribed. I find that, however, that the challenge raised by Brown concerning the effectiveness of his waiver of appellate rights is closely intertwined with the voluntariness of the plea itself, and it is properly considered on habeas review.

---

**3.** *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

■ Courts are constitutionally bound to ensure that a guilty plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. A.L. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Likewise, although a defendant may waive the right to appeal as a condition of a plea bargain, the record must demonstrate that the waiver is voluntary, knowing, and intelligent. *See United States v. Ruiz,* 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002); *accord, e.g., United States v. Chen,* 127 F.3d 286, 289 (2d Cir.1997). The courts may not presume waiver of a constitutional right from a silent record. *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

The Supreme Court has held that whether the defendant must participate personally in the waiver "depend[s] on the right at stake.'" *New York v. Hill,* 528 U.S. 110, 115, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000) (quoting *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). "For certain fundamental rights, the defendant must make an informed waiver." *Id.* (citing *Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)) (right to counsel); *Brookhart v. Janis,* 384 U.S. 1, 7–8, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966) (right to plead not guilty)); *see also United States v. Ruiz,* 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) ("[T]he Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'") (quoting *Brady,* 397 U.S. at 748, 90 S.Ct. 1463 (1970)).

A personal right may be validly waived where the defendant accedes to his attorney's waiver on his behalf. *See Moore v. Michigan,* 355 U.S. 155, 160–61, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957) (considering petitioner's refusal of an offer of counsel and holding that an accused has to show by a preponderance of the evidence that his affirmative acquiescence was not sufficiently understanding and intelligent to amount to an effective waiver); *accord Carnley v. Cochran,* 369 U.S. at 516–17, 82 S.Ct. 884; *United States v. Fay,* 242 F.Supp. 273, 276 (S.D.N.Y.1965); *Brookhart v. Janis,* 384 U.S. 1, 7–8, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966) (petitioner's guilty plea invalid where he "neither personally waived his right nor acquiesced in his lawyer's attempted waiver").

■ Here, the record amply supports the conclusion that Brown acquiesced in his counsel's affirmative response indicating Brown's willingness to relinquish his right to appeal. On December, 13, 1996, the date of the final plea hearing, the following colloquy occurred:

> Mr. Mazzullo (Assistant District Attorney): This was down for that purpose on October 21st[4] this year and at that time Mr. Brown or the Court took from Mr. Brown a sufficient factual colloquy to a plea ... and at this time I ask you do you still wish to maintain that plea? The Defendant: Yes.
>
> Mr. Mazzullo: And the facts you gave the Court back on October 21st as to this indictment the (sic) truth? The Defendant: Yes.
>
> Mr. Mazzullo: Would you change them in any way today?

4. This is incorrect. Brown's first attempt at pleading guilty occurred on October 30, 1996.

*See* 10/30/96 Tr.

The Defendant: No.

Mr. Mazzullo: Would you wish the Court to accept the prior statement as a factual statement?

The Defendant: Yes.

Mr. Mazzullo: And you have had an opportunity to discuss that with your attorney today?

The Defendant: Yes.

.        .        .        .        .

Mr. Mazzullo: *And willing to accept all the colloquy and statements you made back on October 21st as truthful?* [5]

The Defendant: *Yes.*

.        .        .        .        .

The Court: *I have October 26th an offer of 17 to 34 years and waive appeals. Does he waive all appeals[?].*

Mr. Conaty: *Yes.*

.        .        .        .        .

The Court: That was October 30th [for a plea]. You're willing to acknowledge that?

The Defendant: Yes.

The Court: *In view of the fact he has waived his right to appeal from the statement of guilty and all other matters you may continue* [.]

12/13/96 Tr. at 2–4 (emphasis supplied). Brown then affirmatively acknowledged that by his plea, he relinquished his rights to a jury trial, to present evidence on his behalf, and to cross-examine the witnesses against him. He confirmed that his ability

to understand what he was doing was in no way impaired, that he had the opportunity to discuss the plea with his attorney, and that he was pleading guilty of "[his] own free will and voluntarily." 12/13/96 Tr. at 6–7. Lastly, he indicated that he had no questions before he concluded the plea. *Id.* at 7.

The record clearly demonstrates that Brown understood that the plea agreement entailed the waiver of his right to appeal his conviction in return for receiving a lesser sentence, and that he acquiesced in his counsel's waiver of his appellate rights. Importantly, Brown voiced no objection to his attorney's affirmative answer on his behalf regarding the waiver, or to the plea agreement as a whole. I find it telling that at the previous hearing, Brown did not hesitate to inform his attorney that he was refusing to commit to the plea. His prior behavior strongly suggests that if he had any reservations about the consequences of the December 13th plea, he would have asserted them at that time.

Brown cannot credibly argue that he believed that the plea to which he ultimately agreed did not also include a waiver of the right to appeal. Brown's statement to the district attorney that he understood that he was incorporating all of his statements made at the previous plea hearing into the present colloquy simply belies such a claim. Moreover, at the earlier hearing, Judge Egan explained to Brown the nature and extent of the

---

**5.** Judge Egan's colloquy with Brown during the October 30, 1996 hearing included the following exchange:

The Court: And you understand the idea of waiving your right to appeal; that if you plead guilty, you waive your right to appeal from your statement of guilt or from anything else in this case, in other words, the case is over except for the service of your sentence. Do you understand that?

Defendant Brown: Yes.

The Court: You can't go to a higher court and say "Hey, they messed up something down below. Turn me loose"; do you understand that?

Defendant Brown: Yeah.

10/30/96 Tr. at 9–10.

appellate rights that he was waiving by pleading guilty.

On the record before me, I find that Brown agreed to plead guilty to the crimes for which he was sentenced, and that he did so knowingly, voluntarily, and with understanding of the consequences. The Appellate Division's rejection of Brown's claim relating to his appellate rights waiver was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent. Moreover, even if Brown did not acquiesce in the waiver, which this Court explicitly does not find to be the case, he suffered no prejudice since the Appellate Division considered Brown's direct appeal of his conviction despite the waiver.

*Excessive Sentence*

 Brown claims that his sentence imposes "such a long minimum" that it abrogates the discretion necessarily accorded to the Division of Parole. Petition at 6. Brown's excessive sentence claim is not cognizable on habeas review because his term of imprisonment is within the range prescribed by state law for the offenses committed and therefore presents no federal constitutional issue. *Ross v. Gavin,* 101 F.3d 687, 687, 1996 WL 346669 (2d Cir.1996). I note that Brown's sentence was considerably less than the maximum available had he been convicted upon all the counts charged in the indictment. As a result of the plea, the court sentenced Brown to consecutive prison terms of 10 to 20 years on the attempted second degree murder count and 3½ to 7 years on each of the first degree assault counts, placing his sentence well within the guidelines prescribed by state law. *See* New York Penal Law § 70.02.

## CONCLUSION

For the foregoing reasons, the petition of Jerome Brown for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Further, because Brown has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. 28 U.S.C. § 2253. I certify pursuant to the Prisoner Litigation Reform Act of 1996, 28 U.S.C. § 1915(a)(3), that any appeal from this opinion would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

IT IS SO ORDERED.