**Richard J. SNITZEL, Petitioner,**

v.

**Timothy MURRY, Respondent.**

**No. 01–CV–6274.**

United States District Court,
W.D. New York.

July 6, 2004.

Richard J. Snitzel, Sonyea, NY, pro se.

Loretta S. Courtney, Monroe County District Attorney's Office, Rochester, NY, for Respondent.

## DECISION AND ORDER

BIANCHINI, United States Magistrate Judge.

## INTRODUCTION

Petitioner, Richard J. Snitzel ("Snitzel"), filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Monroe County Court on four counts of sexual abuse and one count of endangering the welfare of a child following a guilty plea. The parties have consented to disposition of this matter by the undersigned pursuant to 28 U.S.C. § 636(b).

■ At the outset, the Court notes that Snitzel is no longer in state custody, having completed his six year term of incarceration. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (quoting 28 U.S.C. § 2241(c)(3) (emphasis in original) and citing 28 U.S.C. § 2254(a)). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490–91, 109 S.Ct. 1923 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)).

■ In the present case, Snitzel filed his federal habeas petition on May 9, 2001. He was released from custody on March 31, 2003. Thus, because Snitzel was incarcerated at the time he filed his habeas petition, he fulfills the "in custody" requirement of 28 U.S.C. § 2241, and the Court has jurisdiction to hear this case. Furthermore, the Court finds that Snitzel's habeas petition has not been rendered moot by the fact that he has been unconditionally released from prison. *See, e.g., Geraci v. Sheriff, Schoharie County Jail*, 2004 WL 437466, at *2 (N.D.N.Y. Feb.20,

2004) (citing *Spencer*, 523 U.S. 1, 12, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)) ("[I]t is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences.'") (quoting *Sibron v. New York*, 392 U.S. 40, 55, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968)). Thus, Snitzel is entitled to have this Court consider his habeas petition on the merits.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Snitzel was indicted on four counts of first degree sexual abuse and one count of endangering the welfare of a child. The charges stemmed from Snitzel's having subjected a twelve-year-old girl to sexual contact by forcible compulsion. Specifically, the People alleged that Snitzel put his hand on the complainant's breast, put his mouth on her breast, and, on two separate occasions, grabbed her wrist and placed her hand on his penis. The sexual abuse occurred at Snitzel's residence, which he shared with the complainant's father, while the complainant and her brother were visiting their father for the weekend.

At the arraignment in Monroe County Court, defense counsel informed the court that Snitzel rejected the People's offer of a four-year sentence in return for a guilty plea. Counsel stated, "Mr. Snitzel does maintain his innocence." May 21, 1997 Arraignment Transcript at 3. The matter proceeded to trial, which commenced on July 28, 1997. That day, during jury *voir dire,* Snitzel changed his mind and decided to plead guilty in exchange for a sentence promise from the court.

During his sworn factual colloquy, Snitzel admitted that he used force to touch the complainant's breasts with his hands and mouth and that he forced her touch his penis. *See* July 28, 1997 Plea Transcript at 4–6. In return for his plea, Snitzel received a sentence promise of six years. Snitzel was adjudicated a second felony offender and was sentenced as promised on September 3, 1997, to a term of incarceration of six years on each of the four counts of sexual abuse and one year on the child endangerment count. All sentences were set to run concurrently.

On direct appeal, Snitzel's appellate counsel challenged the severity of the negotiated sentence. Snitzel submitted a *pro se* supplemental brief in which he argued that his sentence was harsh and excessive, that he did not receive meaningful representation from his defense counsel, and that he was coerced into pleading guilty. The Appellate Division, Fourth Department, unanimously affirmed his conviction on March 29, 2000. *People v. Snitzel*, 270 A.D.2d 836, 705 N.Y.S.2d 541 (4th Dept. 2000). The New York Court of Appeals denied leave to appeal on May 15, 2000. *People v. Snitzel*, 95 N.Y.2d 804, 711 N.Y.S.2d 173, 733 N.E.2d 245 (2000).

This federal habeas petition followed in which Snitzel raises the following claims: (1) his guilty plea was unlawfully induced and based on erroneous information from defense counsel; (2) he received constitutionally ineffective representation because counsel failed to investigate his case and interview witnesses, failed to make motions, and failed to pursue plea offers; and (3) his sentence was harsh and excessive. For the reasons set forth below, Snitzel's § 2254 petition is denied.

## DISCUSSION

### I. Exhaustion

■ Before seeking a writ of habeas corpus in federal court, a petitioner must exhaust all available state remedies either on direct appeal or through a collateral attack of his conviction. 28 U.S.C. § 2254(b); *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir.1994), *cert. denied,* 514 U.S.

1054, 115 S.Ct. 1436, 131 L.Ed.2d 316 (1995). The exhaustion of state remedies requirement means that the petitioner must have presented his constitutional claim to the highest state court from which a decision can be obtained. *See Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir.2000) (citing *Grey v. Hoke*, 933 F.2d 117, 119 (2d Cir.1991)). A claim is properly exhausted when the state court is fairly apprized of the claim's federal nature and of the factual and legal premises underlying the claim. *Grey*, 933 F.2d at 119–20.

With regard to Snitzel's claims of attorney ineffectiveness premised on counsel's erroneous advice to plead guilty, failure to interview witnesses, and failure to "adequately investigate" his case, there are exhaustion issues. On direct appeal, the Fourth Department disposed of these claim as follows:

> To the extent that defendant's contention [of attorney ineffectiveness] is based on defense counsel's failure to provide appropriate advice with respect to plea offers and to investigate defendant's case, it is based upon information outside of the record and thus is not subject to review on direct appeal.

*People v. Snitzel*, 270 A.D.2d at 836–37, 705 N.Y.S.2d 541 (citations omitted).

■ Respondent argues that the state court's reliance on a state procedural ground for dismissing the claim has created a procedural default, barring this Court's consideration of the claim unless Snitzel demonstrates cause for, and prejudice resulting from the default. Although the Fourth Department relied on a procedural rule as its basis for dismissing the claims, respondent is incorrect that the claims are procedurally defaulted because Snitzel still has recourse in a state forum. To the extent that the claim are based on matters *dehors* the record, the appropriate vehicle for raising them is a motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10. Snitzel is not foreclosed from returning to state court to bring a C.P.L. § 440.10 motion, and therefore he still has an avenue open for presenting these aspects of his ineffective assistance claim to the courts of New York state. Thus, the claims are not procedurally defaulted, as respondent argues, but rather they remain unexhausted.

Under § 2254(b)(2), this Court has the discretion to deny claims "on the merits, notwithstanding the failure ... to exhaust...." Recently, Magistrate Judge Peck of the Southern District noted that

> [a]lthough the Second Circuit has yet to enunciate a standard for determining when unexhausted claims should be denied on the merits, the majority of district court decisions in this Circuit have embraced a "patently frivolous" test for dismissing unexhausted claims. *See, e.g., Hammock v. Walker*, 224 F.Supp.2d 544, 548–49 (W.D.N.Y.2002); *Cruz v. Artuz*, 2002 WL 1359386 at *8 (E.D.N.Y. June 24, 2002); *Pacheco v. Artuz*, 193 F.Supp.2d 756, 761 (S.D.N.Y.2002); *Rowe v. New York*, 2002 WL 100633 at *5 [ (S.D.N.Y. Jan. 25, 2002) ]; *Love v. Khulman*, 2001 WL 1606759 at *5 (S.D.N.Y. Dec.12, 2001); *Shaw v. Miller*, 2001 WL 739241 at *2 n. 2 (E.D.N.Y. June 26, 2001); *Santana v. Artuz*, 2001 WL 474207 at *3–4 (S.D.N.Y. May 1, 2001). A minority of courts have expressed the test as whether " 'it is perfectly clear that the [petitioner] does not raise even a colorable federal claim,' in which case the Court should dismiss the unexhausted claim on the merits (or rather the clear lack thereof)." *Hernandez v. Lord*, 2000 WL 1010975 at *4–5 & n. 8 (S.D.N.Y. July 21, 2000) (Peck, M.J.) (internal quotations omitted; citing cases, and analyzing the diverging

views without deciding which standard is appropriate); *accord, e.g., Padilla v. Keane,* 2000 WL 1774717 at *3 (S.D.N.Y. Dec.4, 2000); *Orraca v. Walker,* 53 F.Supp.2d 605, 611 (S.D.N.Y.1999) (McKenna, D.J. & Peck, M.J.); *see also, e.g., Basnight v. Keane,* 2001 WL 901139 at *5 n. 1 (E.D.N.Y. July 31, 2001) (articulating "nonmeritorious" standard rather than "patently frivolous," although claims failed either standard).

*Naranjo v. Filion,* 2003 WL 1900867 at *8 (S.D.N.Y. Apr.16, 2003) (footnote omitted). As discussed further *infra,* Snitzel's claims of attorney error based on counsel's advice with regard to the guilty plea and counsel's alleged failure to investigate Snitzel's case fail either the "patently frivolous" or "nonmeritorious" test. Thus, the Court may consider all of his habeas claims.

## II. Procedural Default

■ Where a state court rejects a petitioners claim because the petitioner failed to comply with a state procedural rule, the procedural default constitutes an adequate and independent ground for the state court decision. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 729–30, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Although procedurally defaulted claims are deemed exhausted for habeas purposes, a procedural default will "bar federal habeas review of the federal claim, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate .that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris v. Reed,* 489 U.S. ·255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (citations omitted); *accord Coleman,* 501 U.S.

at 749–50, 111 S.Ct. 2546; *see also Harris,* 489 U.S. at 264 n. 10, 109 S.Ct. 1038 ("[A]s long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision," the adequate and independent state ground doctrine "curtails reconsideration of the federal issue on federal habeas.").

Respondent argues that Snitzel's claim that his guilty plea was unlawfully induced is procedurally defaulted. On direct appeal, the Fourth Department held that "[b]y failing to move to withdraw his plea of guilty or to vacate the judgment of conviction, defendant failed to preserve for our review the contention in his *pro se* petition that his plea was not knowingly, voluntarily or intelligently entered." *People v. Snitzel,* 270 A.D.2d at 836, 705 N.Y.S.2d 541 (citing *People v. Earket,* 256 A.D.2d 1194, 683 N.Y.S.2d 465 (4th Dept. 1998), *lv. denied* 93 ·N.Y.2d 873, 689 N.Y.S.2d 434, 711 N.E.2d 648 (1999)).

■ Pursuant to New York's so-called "contemporaneous objection rule," *see* C.P.L. § 470.05(2),[1] the trial court generally must have been given an opportunity to correct any error in the proceedings below at a time when the issue can be dealt with most effectively. "The requirement that a claim must be timely raised in order to create a question of law is grounded in large part in the need to preserve limited judicial resources and avoid untoward delay in the resolution of criminal proceedings." *People v. Lopez,* 71 N.Y.2d 662, 665, 529 N.Y.S.2d 465, 525 N.E.2d 5 (1988) (citations omitted). Thus, New York courts have held that, in order to preserve a claim that his guilty plea was involuntarily made, a defendant must either move to

---

1. C.P.L. § 470.05(2) provides in pertinent part that "[f]or purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial ... is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same...."

withdraw the plea under C.P.L. § 220.60(3) or move to vacate the judgment of conviction under C.P.L. § 440.10. *Id.* (citing, *e.g.*, *People v. Claudio*, 64 N.Y.2d 858, 487 N.Y.S.2d 318, 476 N.E.2d 644 (1985)).

■ The Appellate Division did not explicitly cite to C.P.L. § 220.60(3), § 440.10 or § 470.05(2), but the case on which it relied, *People v. Earket*, in turn relied upon other cases citing those sections of the Criminal Procedure Law for the proposition that a defendant must preserve any challenges to his guilty plea by raising them in the trial court. In the present case, then, there is a procedural bar since the Appellate Division "explicitly invoke[d] a state procedural bar rule as a separate basis for decision," *Harris v. Reed*, 489 U.S. at 264, 109 S.Ct. 1038.

The Court's review of the applicable case law confirms that New York courts routinely and regularly require defendants to make a motion in the trial court to withdraw their guilty plea or to vacate the judgment in order to preserve for appeal any claim relating to the validity of the plea itself. In sum, the Appellate Division's reliance on the state procedural rule in this situation constitutes both an "adequate" and an "independent" ground for its decision. Consequently, Snitzel's claim relating to the voluntariness of his guilty plea is procedurally defaulted. *See, e.g., Brea v. New York City Probation Dept.*, 2004 WL 389011 at *7–8 (S.D.N.Y. Mar.3, 2004) (petitioner's claim that his guilty plea was involuntary because of some deficiency in his mental condition was procedurally defaulted by his failure to raise that specific ground as basis for his motion to withdraw his plea); *Shanks v. Greiner*, 2001 WL 1568815 at *4 (S.D.N.Y. Dec.10, 2001) (due process claim that petitioner's new, longer sentence violated plea agreement was procedurally defaulted; state appel-

late court declined to review the claim on the merits because petitioner had not sought withdrawal of the plea or vacatur of the judgment or sentence on that ground).

This procedurally defaulted claim can only be considered on federal habeas review if Snitzel makes an adequate showing of cause and prejudice, or demonstrates that a fundamental miscarriage of justice will occur should the Court decline to consider his claim. *See, e.g., Coleman v. Thompson*, 501 U.S. at 748–49, 111 S.Ct. 2546. To qualify for the "fundamental miscarriage of justice" exception, a petitioner must make a demonstration of "actual innocence." *See, e.g., Calderon v. Thompson*, 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998); *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir.2002). Even construing his *pro se* petition liberally, see *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (*per curiam*), Snitzel makes no showing that he is "actually innocent" of the crimes to which he pleaded guilty. Furthermore, Snitzel alleges neither cause for, nor prejudice resulting from, the procedural default. Indeed, none is apparent on the record before the Court. Accordingly, this claim is procedurally defaulted and barred from further habeas review.

### III. Standard of Review

To prevail under 28 U.S.C. § 2254, as amended in 1996 by the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or resulted in a decision that was based on an unreason-

able factual determination in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor,* 529 U.S. 362, 375–76, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

## IV. Merits of the Petition

### A Ineffective assistance of counsel

"A defendant seeking to overturn a conviction on the ground of ineffective assistance of counsel bears a heavy burden." *United States v. Gaskin,* 364 F.3d 438, 467–68 (2d Cir.2004). In order to obtain habeas relief, the petitioner must demonstrate both (1) that counsel's performance was so unreasonable under prevailing professional norms that "counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment," *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); and (2) that counsel's ineffectiveness prejudiced the petitioner, *id.* at 694, 104 S.Ct. 2052. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689, 104 S.Ct. 2052.

If the petitioner is able to overcome the strong presumption of reasonable conduct, he must also show that the attorney's "deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. The Supreme Court in *Strickland* explained that "there is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant

makes an insufficient showing on one ... If it is easier to dispose of an ineffectiveness claim on the ground of a lack of sufficient prejudice, which we expect will often be so, that course should be followed". *Id.* at 697, 104 S.Ct. 2052.

### 1. Failure adequately investigate the case and interview witnesses

With respect to his claim that his attorney failed to adequately investigate his case and interview witnesses, Snitzel faults counsel for failing to "advocate the fact that not only was this alleged victim-witness mentally handicapped within the meaning and spirit of CPL Art. 60.22(2)(a)(B), but this victim may have been related, either by affinity or consanguinity, to a member of the Monroe County Public Defender's office." Petitioner's Memorandum of Law (Docket # 1) at 5. Snitzel appears to be suggesting that the witness was not competent to give testimony and that the public defender's office had a conflict of interest involving her.

First of all, the Court notes that the cited section of the Criminal Procedure Law deals with corroboration of accomplice testimony and provides that "(2) [a]n 'accomplice' means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in: (a) [t]he offense charged; or (b) [a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged." C.P.L. § 60.22(2)(a) & (b). Thus, C.P.L. § 60.22(2) has nothing whatsoever to do with the issue of witness competency, which apparently is the focus of Snitzel's grievance here. It appears that Snitzel may have been attempting to refer to C.P.L. § 60.20 which deals with testimonial capacity and the giving of testi-

mony by children.[2] As the Court must construe Snitzel's *pro se* papers liberally, this erroneous citation does not preclude the Court from considering this claim.

■ Even considering this claim as an alleged violation of C.P.L. § 60.20, however, Snitzel has not presented any evidence, either here or in state court, that the complainant was suffering from a mental defect that would render her incompetent to give sworn testimony against him. Thus, Snitzel has wholly failed to substantiate this claim.

■ Turning to Snitzel's claim that there was a conflict of interest between the victim and the public defender's office, the Court is mindful of the Second Circuit's explication that "[t]he right to counsel under the Sixth Amendment entails 'a correlative right to representation that is free from conflicts of interest.'" *United States v. Levy*, 25 F.3d 146, 152 (2d Cir.1994) (quoting *Wood v. Georgia*, 450 U.S. 261, 271, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981)). Such a right is violated when a defendant's "attorney has (1) a potential conflict of interest that result[s] in prejudice to the defendant, or (2) an actual conflict of interest that adversely affect[s] the attorney's performance." *Id.* (citations omitted). Even giving credence to Snitzel's bald alle-gations, the Court concludes that the public defender assigned to represent Snitzel appeared to have labored under neither a potential conflict which prejudiced Snitzel nor an actual conflict which adversely affected his performance. The record reflects ample competency and professional effort in Snitzel's behalf. The mere fact that the victim "may" have been related to an unnamed "member" of the public defender's office simply is insufficient to give rise to a conflict of interest. *Cf., e.g., Strouse v. Leonardo*, 928 F.2d 548, 553 (2d Cir.1991).[3]

■ Snitzel also complains that "[n]ot once" did the public defender investigate the erroneous factual allegations set forth in the victim's statements to the police and the grand jury. Petitioner's Memorandum of Law (Docket # 1) at 5. According to Snitzel, these statements "had a bearing on the issue of whether Appellant had committed the crime charged[.]" *Id.* Snitzel contends that had counsel challenged the victim's statements before a court of law, the outcome of the case would have been different. *Id.* First, The record is devoid of information concerning the advice given to Snitzel concerning his plea with respect to the likelihood of success in

---

**2.** C.P.L. § 60.20 provides in relevant part that "1. [a]ny person may be a witness in a criminal proceeding unless the court finds that, by reason of infancy or mental disease or defect, he does not possess sufficient intelligence or capacity to justify the reception of his evidence...." C.P.L. § 60.20(1).

**3.** In *Strouse*, the petitioner's trial counsel previously had represented the murder victim in that case, who happened to be the petitioner's own mother. The lawyer's prior representation of the mother included the handling of three, separate unrelated matters, including the drafting of the mother's will, over a number of years. Despite the apparent and intimate ties between the mother and the lawyer, the Second Circuit held that no actual conflict of interest existed: "We can discern no way in which this prior work for [the mother] created a conflict in [the lawyer's] representation of [the petitioner] at his murder trial." *Strouse*, 928 F.2d at 553. *See also Kirkpatrick v. Butler*, 870 F.2d 276, 284 (5th Cir.1989) (no conflict where defense counsel had friendship with and had in the past represented members of murder victim's family), *cert. denied*, 493 U.S. 1051, 110 S.Ct. 854, 107 L.Ed.2d 848 (1990); *Crisp v. Duckworth*, 743 F.2d 580, 588 (7th Cir.1984) (no conflict where defense counsel represented murder victim in unrelated criminal action and informed defendant of the prior representation), *cert. denied*, 469 U.S. 1226, 105 S.Ct. 1221, 84 L.Ed.2d 361 (1985).

challenging the victim's statements. Second, Snitzel neglects to mention that defense counsel moved to have the trial court inspect the grand jury minutes in order to determine whether the indictment was supported by legally sufficient evidence. Thus, it appears that defense counsel did what he could, within the context of the pre-trial proceedings, to investigate the strength of the complainant's story. Snitzel's complaints in this regard are without merit.

As discussed *supra*, the Court, in its discretion, may dismiss unexhausted grounds pursuant to 28 U.S.C. § 2254(b). Under either of the tests employed in this Circuit to gauge the merits of such claims, *see, e.g., Narajo v. Filion, supra,* Snitzel's claims fail and are dismissed.

## 2. Failure to "pursue plea options"

Snitzel contends that his defense counsel was deficient in not advising him to accept the People's initial plea offer, which involved a four-year sentence. The Court notes the contradiction between Snitzel's claim that he was not advised to plead guilty and his assertion, elsewhere in his petition, that "instead of preparing for trial [his] attorney told [him] constantly to plead guilty because [he] would be found guilty anyway." Petition (Docket #1) at 5. In any event, when defense counsel indicated to the court that the plea offer was being rejected because "Mr. Snitzel does maintain his innocence," Snitzel did not voice any disagreement with counsel's statement or express that he was displeased with his representation. *See* Arraignment Transcript at 3.

This unexhausted claim is too vague to form a proper basis for habeas relief, failing both the "patently frivolous" or "non-meritorious" standards in use in this Circuit. The Court accordingly dismisses this claim in its discretion pursuant to 28 U.S.C. § 2254(b).

## 3. Failure to file motions

 Snitzel also assails his defense counsel for failing to "file or pursue motions." Petition (Docket #1) at 5. On direct appeal, the Fourth Department held that "[t]he further contention of defendant in his *pro se* supplemental brief that he was denied effective assistance of counsel based on defense counsel's failure to make appropriate motions is without merit." *People v. Snitzel,* 270 A.D.2d at 836–37, 705 N.Y.S.2d 541. The Court has reviewed the record, and it appears that counsel requested a Bill of Particulars and made discovery motions. Counsel requested a *Sandoval*[4] hearing and a *Molineux*[5] ruling to determine which, if any, of Snitzel's prior bad acts and uncharged crimes could be used against him at trial should he decide to testify. Defense counsel also made a request for potentially exculpatory material pursuant to *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Counsel requested a probable cause hearing and a *Huntley* hearing to determine the admissibility of Snitzel's statements to police. Tellingly, Snitzel does not indicate what types of motions should have been made by counsel. In short, the Court finds that Snitzel's claim of ineffective assistance of counsel based on the failure to make motions is flatly contradicted by the record. The Appellate Division's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent governing the interpretation of *Strickland v. Washington.*

**4.** *People v. Sandoval,* 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974).

**5.** *People v. Molineux,* 168 N.Y. 264, 61 N.E. 286 (1901).

Snitzel's claims of ineffective assistance of counsel are based entirely upon vague, unsubstantiated assertions of error. Snitzel has not come close to demonstrating that his counsel performed deficiently, let alone that he suffered prejudice as a result. Taken singly or together, the alleged "errors" committed by defense counsel were not examples of professionally unreasonable performance. Accordingly, Snitzel is not entitled to habeas relief on his claim that his defense counsel was ineffective.

## B. Harsh and excessive sentence

Snitzel contends that his sentence was harsh and excessive compared with sentences for other crimes of a more serious nature. Snitzel complains that this is "another clear example of the complete waste of a man and financial resources" and suggests that this Court "has the Power to halt this vicious cycle." Petitioner's Memorandum of Law (Docket # 1) at 20.

█ A petitioner's assertion that a sentencing judge abused his discretion in sentencing is generally not a federal claim subject to review by a habeas court. *See Fielding v. LeFevre,* 548 F.2d 1102, 1109 (2d Cir.1977) (petitioner raised no cognizable federal claim by seeking to prove that state judge abused his sentencing discretion by disregarding psychiatric reports) (citing *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948)) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); *accord, e.g., Egbert v. David,* 2003 WL 23199557 *6 (E.D.N.Y. Dec.11, 2003). A challenge to the term of a sentence does not present a cognizable constitutional issue if the sentence falls within the statutory range. *White v. Keane,* 969 F.2d 1381, 1383 (2d Cir.1992);

*accord Ross v. Gavin,* 101 F.3d 687, 1996 WL 346669 (2d Cir.1996) (unpublished opinion).

█ Snitzel's determinate sentence of six years for four counts of first degree sexual abuse and one count of endangering the welfare of a child was well within statutory limits, and further review of his sentence is therefore barred. Had Snitzel proceeded to trial and been found guilty, he legally could have been sentenced as a persistent felony offender to 25 years to life. Habeas relief is not warranted on this claim.

## CONCLUSION

For the reasons stated above, Richard Snitzel's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Snitzel has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**IT IS SO ORDERED.**