■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILVERTON BALNAVIS, Appellant.—Appeal by the defendant from an amended judgment of the Supreme Court, Kings County (Beldock, J.), rendered December 21, 1988, revoking a sentence of conditional discharge, imposed by the same court, upon a finding that he had violated a condition thereof, upon his plea of guilty, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the fourth degree.

Ordered that the amended judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues to be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Thompson, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BATTS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered December 5, 1988, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the evidence, when viewed in a light most favorable to the prosecution, was legally sufficient to disprove the defense of justification beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). It is well settled that resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which had the opportunity to see and hear the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Additionally, the defendant's challenge to the propriety of the trial court's justification charge is without merit.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.