Kevin BATTS, Petitioner–Appellant,

v.

Christopher ARTUZ, Superintendent,
Respondent–Appellee.

No. 03–2252–pr.

United States Court of Appeals,
Second Circuit.

Nov. 9, 2007.

Eleanor Jackson Piel, New York, NY, for Petitioner–Appellant.

Leonard Joblove, Assistant District Attorney (Charles J. Hynes, District Attorney, Kings County, Jane S. Meyers, Assistant District Attorney, Cynthia Kean, Assistant District Attorney, on the brief), Brooklyn, NY, for Respondent–Appellee.

Present WILFRED FEINBERG, RALPH K. WINTER and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Kevin Batts appeals from the judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge*) denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Batts raises only one issue in this appeal—whether the District Court erred in concluding that Batts had not been deprived of due process when the sentencing court mistakenly believed that Batts had taken the witness stand at trial and committed perjury. Batts argues that the state trial court added five years to his sentence as a result of this mistaken belief. For the reasons set forth below, we affirm the judgment of the District Court.

■ The government argues that Batts has procedurally defaulted his due process claim. In appealing his conviction to the Appellate Division of New York Supreme Court, Batts asserted numerous claims, including the due process challenge at issue here. The Appellate Division affirmed the trial court's decision in all respects. *See People v. Batts*, 175 A.D.2d 135, 573 N.Y.S.2d 884 (2d Dep't 1991), *lv. denied*, 78 N.Y.2d 1009, 575 N.Y.S.2d 817, 581 N.E.2d 1063 (1991). In petitioning the New York Court of Appeals for leave to appeal, Batts discussed only an unrelated claim involving jury instructions and forwarded copies of the parties' briefs before the Appellate Division as well as that court's decision. In such circumstances, we have held that a petitioner has both exhausted his state remedies for the purposes of federal habeas review and procedurally defaulted on those claims he failed to identify for the New York Court of Appeals. *See Grey v. Hoke*, 933 F.2d 117, 120–21 (2d Cir.1991). Indeed, in *Jordan v. Lefevre*, 206 F.3d 196, 198–99 (2d Cir.2000), we held that a habeas petitioner had procedurally defaulted those claims contained in his Appellate Division briefs but omitted in his letter to the New York Court of Appeals by stating, in that letter, nothing beyond his request for leave to appeal "[f]or all of these reasons and the reasons set forth in his Appellate Division briefs." Here, Batts did even less by attaching his briefs, making no reference at all to them, and discussing only one unrelated claim. As the facts of this case fit squarely within *Grey* and *Jordan*, we conclude that Batts has procedurally defaulted his due process claim.

■ In his reply brief, Batts argues that the government expressly waived any defense or argument regarding such a default in proceedings before the District Court. On April 9, 2003, the District Court conducted a hearing involving Batts and the government. After Batts briefly described those claims he wished to present to the District Court for habeas review, the District Court asked the government for its view on Batts's claims:

> MR. PARAL: Well, with the exception of the claim regarding the jury instructions, all of the petitioner's claims are procedurally barred because they were not raised in his application for leave to appeal to the Court of Appeals.

However, the District Court later appeared to seek clarification of the govern-

ment's position regarding whether Batts's claims were unexhausted and/or procedurally barred:

> THE COURT: ... There's no issue raised with respect to exhaustion; is that correct?
>
> MR. PARAL: Correct.
>
> THE COURT: You are waiving completely any exhaustion claim?
>
> MR. PARAL: Well, yes. I mean, there are claims which are deemed exhausted, but procedurally barred. But everything that is in this petition was raised in the state court, that's correct.
>
> THE COURT: The issue of exhaustion is not before the court. Respondent has expressly and completely waived the exhaustion argument....

The District Court then proceeded to consider the merits of Batts's claims and to conclude that they lacked merit.

In reviewing the transcript of the April 9, 2003 hearing in the District Court, we conclude that the government did not waive its defense that Batts had procedurally defaulted his due process claim. Rather, the government merely conceded that all of Batts's claims should be deemed exhausted for purposes of federal habeas review—a concession that conformed precisely to our decision in *Grey v. Hoke,* 933 F.2d 117. Indeed, the government had previously expressed its position that all of Batts's claims, except one involving jury instructions, were "procedurally barred because they were not raised in his application for leave to appeal to the Court of Appeals."

Moreover, to the extent that the discussion quoted above could be interpreted as a waiver by the government of its procedural default defense, it is clear that this was not a "conscious[ ] waive[r]" by the government with the knowledge that the defense "may indeed be valid." *Washington v. James,* 996 F.2d 1442, 1448 (2d Cir.1993), *cert. denied,* 510 U.S. 1078, 114 S.Ct. 895, 127 L.Ed.2d 87 (1994) (citing *Henderson v. Thieret,* 859 F.2d 492, 498–99 (7th Cir.1988)). Thus, we have the authority to consider *nostra sponte* the issue of whether any of Batts's claims have been procedurally defaulted. *Id.*

In *Washington,* we identified three situations in which a federal habeas court should *decline* to consider *nostra sponte* the possibility of a petitioner's procedural default of one or more claims. *See id.* at 1449–50. First, we stated that we would not consider the procedural default issue *nostra sponte* when recognition of the procedural default would prevent us from addressing a "miscarriage of justice." *See id.* at 1449–51. In doing so, we defined "miscarriage of justice" to mean either of two scenarios: (1) where the alleged federal violation "challenges the validity of the trial itself," such as a possible violation of the Double Jeopardy Clause, and (2) where the violation was "motivated by malice and not caused by mere inadvertence or poor judgment." *Id.* at 1450 (observing that such a definition is broader than the definition of the same phrase in the non-exhaustion context). Neither scenario is applicable here. Although the petitioner did not take the witness stand, he did make several statements to law enforcement personnel that were admitted as evidence during trial, including one that was videotaped and played for the jury. Because it was probably these statements to which the sentencing judge was referring, we conclude that the judge's mistake was only an innocent and inconsequential misstatement of the events at trial.

Second, we will refuse to consider a possible procedural default *nostra sponte* when the default is "primarily the fault of the state court system itself," such as one in which state officials and courts had consistently delayed any determination of a petitioner's claims. *Id.* at 1449. That was clearly not the case here.

Finally, we decline to consider *nostra sponte* the procedural default issue when it would be possible to resolve the petition on other non-merits grounds that "actively serve[ ] the principles of comity and federalism," such as abstention under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See id.* (citing, as example, *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir.1988)). Again, this is not the situation here. Because none of the *Washington* exceptions applies, it is proper for us to consider *nostra sponte* whether Batts procedurally defaulted his due process claim.

Having concluded that this claim has been procedurally defaulted and that any possible waiver by the government does not prevent us from dismissing Batts's petition on that basis, we must also consider whether Batts has shown either cause for his default or that dismissal of the petition would constitute a " 'fundamental miscarriage of justice.' " *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir.2006), *cert. denied sub nom. Jimenez v. Graham*, —— U.S. ——, 127 S.Ct. 976, 166 L.Ed.2d 740 (2007) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 854, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999)). As in *Jimenez*, Batts has not attempted to explain any cause for his procedural default, thereby making him ineligible for habeas relief. *See id.* Furthermore, Batts cannot argue that his alleged federal violation constituted a "fundamental miscarriage of justice," given our conclusion that he failed to satisfy the lesser standard of "miscarriage of justice," as discussed above. *See Washington*, 996 F.2d at 1447, 1449–50 (discussing the difference in the two standards).

In sum, we have considered all arguments presented by Batts in this appeal and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.